# EXHIBIT A

 # Service of Process Transmittal

06/08/2020
CT Log Number 537754956

**TO:** Michael Johnson, Legal Assistant
The Hartford
1 Hartford Plz, HO-1-09
Hartford, CT 06155-0001

**RE:** **Process Served in California**

**FOR:** Hartford Fire Insurance Company (Domestic State: CT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | FOUNDER INSTITUTE INCORPORATED, ETC., PLTF. vs. HARTFORD FIRE INSURANCE COMPANY, ETC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20CV366110 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/08/2020 at 10:37 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | - |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/08/2020, Expected Purge Date: 06/13/2020<br>Image SOP<br>Email Notification, Michael Johnson MICHAEL.JOHNSON@THEHARTFORD.COM<br>Email Notification, Fiona Rosenberg Fiona.Rosenberg@thehartford.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>155 Federal St Ste 700<br>Boston, MA 02110-1727 |
| **For Questions:** | 800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

6/8/20 @ 9:45A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

E-FILED
4/16/2020 8:21 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
20CV366110
Reviewed By: Y. Chavez
Envelope: 4260370

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

HARTFORD FIRE INSURANCE COMPANY, a corporation doing business in California; SENTINEL INSURANCE COMPANY LIMITED, a corporation doing business in California; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

FOUNDER INSTITUTE INCORPORATED, a Delaware Corporation

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of the County of Santa Clara
191 N. First Street, San Jose CA 95113

CASE NUMBER: *(Número del Caso):* 20CV366110

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Sanjiv N. Singh, Esq., 1650 South Amphlett Blvd. Suite 220, San Mateo CA 94402; telephone 650-389-2255

DATE: *(Fecha)* 4/16/2020 8:21 PM Clerk of Court  Clerk, by *(Secretario)* Y. Chavez , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010).)*

[SEAL]

THE GREAT SEAL OF THE STATE OF CALIFORNIA

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of (specify): Hartford Fire Insurance Company

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*

E-FILED
4/16/2020 8:21 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
20CV366110
Reviewed By: Y. Chavez

SANJIV N. SINGH, A PROFESSIONAL LAW CORPORATION
Sanjiv N. Singh (SBN 193525)
1650 S. Amphlett Blvd. Suite 220
San Mateo, CA 94402
Phone: (650) 389-2255
Email: ssingh@sanjivnsingh.com

Attorneys for Plaintiff FOUNDER INSTITUTE INCORPORATED

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SANTA CLARA**

**UNLIMITED JURISDICTION**

| | |
|---|---|
| **FOUNDER INSTITUTE INCORPORATED, a Delaware Corporation,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**HARTFORD FIRE INSURANCE COMPANY, a corporation doing business in California; SENTINEL INSURANCE COMPANY, LIMITED, a corporation doing business in California; and DOES 1 through 50, inclusive,**<br><br>**Defendants.** | **Case No.:** 20CV366110<br><br>**COMPLAINT FOR:**<br><br>**1. BREACH OF CONTRACT;**<br>**2. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;**<br>**3. DECLARATORY RELIEF;**<br>**4. UNFAIR COMPETITION UNDER BUS. & PROF. CODE § 17200 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff FOUNDER INSTITUTE INCORPORATED, a Delaware Corporation doing business in California brings this Complaint, alleging against HARTFORD FIRE INSURANCE COMPANY, a corporation, and SENTINEL INSURANCE COMPANY

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

LIMITED, a corporation, both doing business in California, and DOES 1 THROUGH 50, as follows:

## INTRODUCTION

1. This is an insurance bad faith lawsuit brought by Plaintiff FOUNDER INSTITUTE, INCORPORATED, a Delaware Corporation that owns and operates a vital startup incubator in Palo Alto, California (hereinafter "Plaintiff" or "Founder") against HARTFORD FIRE INSURANCE COMPANY, a corporation, SENTINEL INSURANCE COMPANY, LIMITED, a corporation, and possible Does (collectively, "Defendants"). Plaintiff seeks damages stemming from Defendants' bad faith handling and denial of Plaintiff's claim for business income loss coverage. Plaintiff, in good faith, based on the language of its policy and for the reason many businesses bought insurance policies with business income interruption clauses, reasonably expected that Defendants would provide coverage during these unprecedented times for the loss of business income Plaintiff has suffered due to the stay-at-home ordinances effected statewide, including in Santa Clara County. Specifically, as a result of civil ordinances, Plaintiff's central operations or so called scheduled premises were shut down or severely reduced in operations, crippling its ability to coordinate events which it was responsible for running and managing and thereby crippling its revenue stream.

2. Defendants, meanwhile, not only have failed to provide the requested coverage, but have engaged in deceptive and unfair business practices to evade responsibility for doing so. At a moment in world history when insurance companies should be stepping up, Defendants appear to be hiding behind procedures and conduct that appear to be bad faith and motivated only by profit. In this case, Defendants pre-rejected the claim before it was even submitted.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

## PARTIES

3. At all relevant times, Plaintiff Founder Institute Incorporated was and is a Delaware corporation and is authorized to do business and doing business in the State of California, County of Santa Clara. Plaintiff owns, operates, manages, and controls the startup incubator practice located in Palo Alto, California.

4. At all relevant times, Defendants Hartford Fire Insurance Company, a corporation, and Sentinel Insurance Company Limited, collectively ("HARTFORD DEFENDANTS") are doing business and maintaining regular offices in the State of California and doing business regularly in Santa Clara County. HARTFORD DEFENDANTS are conducting insurance business, including the marketing, sale and provision of business insurance policies and the process of handling claims, in the State of California and the basis of this suit arises out of such conduct.

5. Plaintiff does not know the true names and capacities, whether individual, associate, or otherwise, of Defendants DOES 1 through 50, and therefore designate those Defendants by such fictitious names. Each of the Defendants sued herein as a DOE is legally responsible in some manner for the events and happenings referred to herein and proximately caused the injuries suffered by the Plaintiffs. DOES may include other underwriters, agents, or individuals who participated in decisions or ratified decisions that led to or constituted the bad faith denial and misconduct of Defendants outlined in this Complaint. Plaintiffs will amend this Complaint accordingly to allege the true names and capacities of these DOE Defendants when/if the same becomes known to Plaintiffs.

## JURISDICTION AND VENUE

6. Jurisdiction is proper pursuant to Cal. Code Civ. Proc. §§ 410.10, 410.50, and 1060.

7. Venue is proper in this Court because the acts and/or omissions complained of took place, in whole or in part, within Santa Clara County, California. Defendants conduct business extensively throughout California, marketing their insurance policies and selling

their insurance policies to thousands of insured businesses and consumer businesses in California.

## GENERAL ALLEGATIONS

8. All allegations in this Complaint are based on information and belief and/or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

**The Founder Institute And Its Hartford Policy**

9. Plaintiff's business is a startup incubator in Palo Alto California. The Founder Institute is the world's largest pre-seed startup accelerator, with nationwide alumni that have built numerous companies that have provided employment and economic stimulus in cities across the nation. Its Palo Alto headquarters is the key to keeping its networking operations running and is the central headquarters from which the majority of their operations, events, and revenue generating activities are planned, conceived and coordinated.

10. At all relevant times, since 2011 Plaintiff has been a Hartford policyholder, currently insured under Hartford's business policy number 57 SBA BA76715 DX (the "Policy").

11. The Policy is currently in full effect, providing commercial business policy coverage including coverage for lost business income which occurs during the policy period, which is currently from July 22, 2019 through July 22, 2020.

12. Plaintiff faithfully paid policy premiums to Defendants, specifically to provide additional coverages including but not limited to loss of business income due to Civil Authority or civil ordinances. The policy expressly states: "In return for the payment of the premium and subject to all of the terms of this policy, we agree with you to provide insurance as stated in this policy."

13. Under the Policy, Civil Authority coverage appears to be provided for loss of income, and appears to be available both for a shorter period and for an extended period under certain conditions.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

14. The Policy specifically extends coverage to business income and extra expense caused by Civil Authority action limiting access to Plaintiff's headquarters.

**The COVID-19 Pandemic**

15. On or about December of 2019, the so-called pathogen SARS CoV-2 ("COVID-19") was first identified in humans in Wuhan, China.

16. As is now commonly known, in an unprecedented event that has not occurred in more than a century, a world pandemic of global proportions then ensued. By March 11, 2020, the World Health Organization officially recognized the pandemic. The virus has already claimed 23,604 lives in the United States, with a reported 581,679 confirmed cases in the United States as of April 13 at 5:55 pm. The ordinances described below were issued with multiple objectives to address a complex national crisis.

17. It is well recognized that the virus can be spread through person to person contacts like other viruses, and some experts believe that it may also be spread by people touching contaminated surfaces (so-called "fomites") and then their face.

18. On March 12, 2020, the Governor of the State of California Gavin Newsom banned gatherings over 250 people.

19. On March 16, 2020, the health departments of numerous counties, including San Francisco, San Mateo, Santa Cruz, and Santa Clara, announced, with the City of Berkeley, a legal order directing residents to shelter in place for three weeks beginning midnight March 17 to April 7. It was well recognized by all counties that part of the reason for the issuance of the orders was the need to reduce the person to person transmission of the virus and reduce the contamination of frequently contacted surfaces with the virus. Orders were then extended through May 3, 2020.

20. By March 19, 2020, the Governor of California issued a statewide stay at home order ("State of California Order") that would be in effect until further notice and is still in effect as this pandemic continues.

21. The Santa Clara Ordinance and State of California Order, in an unprecedented manner, required necessary measures to keep people at home and off the streets and out

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

of areas of public gatherings, and thereby crippled the major source of revenue for numerous businesses. As a direct and proximate result of this Order, access to businesses like Founder Institute have been specifically prohibited and it is thus not generally physically accessible to visitors, employees, partners, or clients.

<u>Rapid Denial of Founder Institute In Apparent Bad Faith</u>

22. In good faith, Founder Institute promptly notified Defendants on April 7, at 9:18AM , that they would be seeking claims for business loss due to the civil ordinances. Twenty four minutes (not hours) later, Defendants issued what appeared to be a cut and pasted pre denial from a Mimi Watson stating the following: "This is not a covered loss on your policy but, I have called the claim into Hartford and someone will contact you in a week or so. I understand your situation as we are all in this together." A portion of the email appeared as though the agent cut and pasted a screen shot of excerpt from a pre drafted denial letter and sent it out.

23. As of the date of filing of this Complaint Founder Institute has been told that its claim was denied but no denial letter has been produced. ***Instead, Defendants simply without notice designated Founder Institute's "Claim Status" as "Closed" and have failed to communicate with any meaningful analysis.***

24. On information and belief and based on actual communications, Defendants' conduct above was ratified, ordered, and encouraged by officers of Defendants in order to effect a strategy to rapidly deny, deflect, and minimize COVID-19 related claims and losses for Defendants. In fact, on information and belief, Plaintiff's counsel has learned that there are allegations that on or about March 17, 2020, members of the insurance industry are believed to have sent company wide emails to their claims offices which were then distributed to agents and representatives in different parts of California directing agents and representatives to spread the word that there was no coverage and dissuade businesses from submitting claims.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

## FIRST CAUSE OF ACTION

**(Breach of Contract by Plaintiff against all Defendants)**

25. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

26. Plaintiff was insured under a valid insurance policy, the aforementioned and described Policy, issued by Defendants which was in effect on the date the loss occurred.

27. Plaintiff paid consideration in the form of premiums for Policy, and have faithfully performed all obligations required to be performed by them under the terms of the Policy, except to the extent performance may have been excused by, among other things, Defendants' bad faith conduct and breach of the insurance policy.

28. Defendants breached the terms of the contract by not providing requisite documentations required for submitting claims, by prematurely and without basis or reasonable good faith analysis denying and/or "closing" the claim without proper analysis or explanation, and by ultimately failing to pay and/or underpaying monies due under the contract and by forcing Plaintiff to file this action.

29. Plaintiff has demanded that Defendants pay, and Defendants have declined to pay, Plaintiff's claims for damages and losses of business income and additional expenses due to Civil Authority, specifically the issuance of the Santa Clara Ordinance and State of California Order which limited public access to Founder Institute.

30. As a direct, proximate, and legal result of Defendants' breach of contract, Plaintiff has been, and continues to be, damaged in an amount in excess of the jurisdictional limits of this Court, including but not limited to: damage suffered to their business caused by the loss of business income and additional expenses created by the Santa Clara Ordinance and State of California Order, the loss of benefits due under the contract, and consequential damages including interest on the monies Plaintiff could and should have received promptly, but which they did not receive in a timely manner as a result of Defendants' breach of the contract, as well as other fees, expenses, and costs to be proven at trial.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

31. Plaintiff has also sustained other economic losses as a direct, proximate, and legal result of Defendants' conduct, in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**

**(Breach of the Implied Covenant of Good Faith and Fair Dealing by all Defendants against Plaintiff)**

32. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

33. Plaintiff's insurance policy at issue in this action, the aforementioned Policy, contains an implied covenant of good faith and fair dealing, whereby Defendants, and each of them, agreed to perform their obligations under the Policy in good faith, to deal fairly with Plaintiff, and not to unreasonably deprive Plaintiff of the benefits due under the insurance policy.

34. Defendants tortiously breached the implied covenant of good faith and fair dealing arising from the insurance contract by unreasonably denying or withholding benefits due under the Policy, by failing to conduct fair and objective claims investigation and issuing preordained denials and pre-claim communications aimed to discourage claims, by failing to treat Plaintiff fairly and by other conduct, including but not limited to that expressly set forth in this Complaint, after accepting insurance premiums from Plaintiff. On information and belief, it appears from the pattern of pre-denial and cut and pasted communications by agents that Defendants were, and are, executing a directive to deny COVID-19 claims systematically.

35. Despite Plaintiff's request for coverage and demand for payment of the compensation for the business disruption caused by the Santa Clara Ordinance and State of California Order, Defendants denied coverage and blocked access to information and engaged in a continuous pattern of tortious conduct which has and will cause Plaintiff continued damages.

36. Defendants engaged and continue to engage in the course of conduct to further their own economic interest, including and in violation of their obligations to Plaintiff.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

This conduct includes, but is not limited to that conduct alleged in this Complaint and the following:

a. Failing to perform competent and/or complete investigation of the request for coverage;

b. Misrepresenting the content of the Policy to Plaintiff;

c. Deliberately, unjustifiably, and unreasonably denying coverage and hiding essential information in an effort to discourage Plaintiff from pursuing their full policy and benefits;

d. Refusing to pay any or adequate insurance benefits which a reasonable person would have believed Plaintiffs were entitled to receive;

e. Failing to provide promptly a reasonable explanation of the basis relied on in the insurance policy, in relation to the facts or applicable law, for the denial of Plaintiff's claims, and instead providing a boilerplate, inapplicable explanation; and

f. Plaintiff is informed, believe and thereon alleges, that Defendants have breached their duties of good faith and fair dealing owed to Plaintiff by other acts or omissions of which Plaintiffs are presently unaware and which will be shown according to proof at the time of trial.

37. Without any reasonable basis for doing so, and with full knowledge and/or conscious disregard of the consequences, Defendants have failed and refused to act in good faith or act fairly toward Plaintiff. Furthermore, Defendants have in bad faith failed and refused to perform their obligations under the insurance policy and under the laws of the State of California.

38. Defendants engaged in conduct that was malicious, fraudulent, and oppressive. Indeed, Defendants engaged in a scheme designed to quickly deny Plaintiff's claim. The Hartford Defendants unreasonably denied and/or "closed" Plaintiff's claim without investigating the actual cause of the loss and business interruption—i.e., the Civil Authority orders themselves and their multiple expressly stated policy objectives

including preventing overrun of the health system and the City, County and State concern for surface contamination and damage and person to person transmission.

39. As a direct, proximate, and legal result of said breaches of the covenants of good faith and fair dealing by Hartford, Plaintiff has been damaged and continues to incur each and every day substantial and foreseeable consequential and incidental damages, including loss of income and net profits and other expenses related to complying with the Santa Clara Ordinance and State of California Order, and other costs in an amount according to proof. Plaintiff was and will be forced to expend attorneys' fees and costs in pursuing relief to which they are entitled as a matter of law. Pursuant to *Brandt v. Superior Court* (1985) 37 Cal.3d 813, Plaintiff is entitled to attorneys' fees and costs reasonably incurred to compel the payment of benefits due under the insurance policies.

40. As a further direct, proximate and legal result of the wrongful conduct of Defendants, and each of them, Plaintiff has also sustained other economic damages, as set forth above, and other damages in an amount to be proven at trial.

41. On the basis of all of the facts alleged herein, Defendants' conduct and actions were despicable, done maliciously, oppressively, and fraudulently, with the intent to deprive Plaintiff of insurance benefits and to cause injury to Plaintiff. Defendants' conduct and actions were further done with a willful and conscious disregard of Plaintiff's rights, thereby subjecting Plaintiff to unjust hardship and distress in the midst of a global pandemic where Plaintiff will play a critical role in economic recovery of other businesses. Defendants, its officers, directors, and managing agents were personally involved in the decision-making process with respect to the misconduct alleged herein and to be proven at trial, as suggested already, even prior to discovery, by verbal and written communications showing the appearance of a pre-planned, rapid denial of COVID-19 claims.

42. Plaintiff alleges on information and belief that Defendants, through their representatives, officers, directors, and managing agents, authorized and ratified each and every act on which Plaintiff's allegations of punitive damages herein are based

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

upon. On that basis, pursuant to California Civil Code § 3294, Plaintiffs are entitled to an award of exemplary and punitive damages in an amount adequate to make an example of, and to punish and deter Defendants and each of them.

**THIRD CAUSE OF ACTION**

**(Declaratory Relief by Plaintiffs against all Defendants)**

43. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein. Under California Code of Civil Procedure § 1060 et seq., the Court may declare rights, status, and other legal relations whether or not further relief is or could be claimed. It is also likely that the COVID-19 pandemic may trigger subsequent claims by Plaintiff under this Policy if the pandemic occurs in cycles, as has been predicted by some health experts.

44. An actual controversy has arisen between Plaintiff and Defendants as to the rights, duties, responsibilities, and obligations of the parties in that Plaintiff contends that and Defendants deny that : (1) the civic orders issued by the Government of State of California and the County of Santa Clara constitute a prohibition of access to Plaintiffs' business or so-called described premises under the Policy; (2) the prohibition of access to the described premises by the various orders triggers the Civil Authority business income loss and additional expenses portion of the Policy; (3) said civic orders trigger coverage without applicable exclusion because the civil authorities in question were concerned for ongoing damage including possible fomite contamination occurring outside of the business; and (4) the Policy provides coverage to Plaintiff for such orders. Resolution of the duties, responsibilities, and obligations of the parties is necessary as no full adequate remedy at law exists given the potential ongoing and cyclical nature of the pandemic and the damage that can occur with these orders, and a declaration of the Court is needed to resolve the dispute and controversy.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

## FOURTH CAUSE OF ACTION

**(Violation of California Bus. & Prof. Code § 17200 Et Seq. against all Defendants)**

45. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

46. Section 17200 of the California Business & Professions Code ("Unfair Competition Law" or "UCL") prohibits any "unlawful," "unfair," and "fraudulent" business practice.

47. Section 17200 specifically prohibits any "***unlawful*** . . . business act or practice." Defendants have violated the UCL's prohibition against engaging in unlawful act or practice by, *inter alia*, denying Plaintiff's claim for coverage and such action violates California state laws.

48. By improperly denying Plaintiff's claim, Defendants violated California's Unfair Insurance Practice Acts (UIPA), codified as California Insurance Code Section 790.03(h), including but not limited to the following unfair claim practices:

a. Misrepresenting to Plaintiff pertinent facts or insurance policy provisions relating to any coverages at issue;

b. Issuing a boilerplate letter in record time and appearing to have pre-ordained a denial of claims as part of a systemwide campaign by Hartford Defendants to dissuade policyholders from even submitting claims; and

c. Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies, not spending time to carefully read the language of their own Policy and failing to identify and analyze what actually triggered the Civil Authority ordinances or orders in question.

49. It is also believed that Hartford Defendants are attempting to contract around California Insurance Code by attempting to enforce an unenforceable virus exclusion even before a claim was submitted and ultimately in contravention of a covered peril (i.e. the effects of a civil ordinance) which was the primary and proximate cause of Plaintiff's business losses to date. Hartford Defendants' conduct is therefore unlawful, and the exclusion clause unenforceable.

50. Section 17200 also prohibits any "***unfair*** . . . business act or practice." As described in the preceding paragraphs, Defendants engaged in the unfair business practice of denying business disruption insurance claims even though Defendants' policy language covers such losses and attempting to dissuade even the submission of the claims by disseminating false information about what the Policy covers.

51. Defendants' business practices, as detailed above, are unethical, oppressive, and unscrupulous. They violate fundamental policies of this State including the very policies underlying the Santa Clara Ordinance and State of California Order which aim to protect the general population and the County for a finite period of time but not cause unreasonable closure or business loss for businesses. Further, any justifications for Defendants' wrongful conduct are outweighed by the adverse effects of such conduct, which in this case is jeopardizing operations of a business that will play a critical role in recovery of the local economy by catalyzing the recovery and growth of startups. Thus, Defendants are engaged in unfair business practices prohibited by California Business & Professions Code §17200 et seq.

52. Section 17200 also prohibits any "***fraudulent business act or practice***." Defendants violated this prong of the UCL by disseminating and/or agreeing to disseminate, through Defendants' website and other promotional channels, misleading and partial statements about available business disruption or closure coverages that have a tendency to mislead the public, and also at the time they marketed their policies, misleading consumers to believe they would be insured for this kind of business interruption. Further, Defendants violated this prong of the UCL by omitting material information about business disruption coverages with the intent to induce reliance by consumers to not pursue such claims even though Defendants have an obligation to compensate them under their Policy. Defendants' claims, nondisclosures, and misleading statements concerning business closure coverage and/or lack thereof, as more fully set forth above, were false, misleading, and/or likely to deceive the

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

consuming public within the meaning of California Business and Professions Code §17200. They were and are intended to dissuade businesses from seeking coverage.

53. Section 17200 also prohibits any "unfair, deceptive, untrue, or misleading advertising." For the reasons set forth above, Defendants engaged in unfair, deceptive, untrue, and misleading advertising in violation of California Business & Professions Code § 17200.

54. Defendants' conduct caused and continues to cause substantial injury to Plaintiff. Plaintiff has suffered injury in fact and lost money as a result of Defendants' unfair conduct.

55. Additionally, pursuant to California Business and Professions Code § 17203, Plaintiff seeks an order requiring Defendants to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendants to pay the monies owed to Plaintiff.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. For general, compensatory damages, plus prejudgment interest and other damages according to proof;
2. For special and consequential damages;
3. For punitive and exemplary damages according to proof and as applicable under the law;
4. For restitutionary disgorgement of all profits Defendants obtained as a result of unlawful, unfair, and/or fraudulent business practices;
5. For an appropriate injunction;
6. For attorneys' fees and costs of suit herein;
7. For pre-judgment interest as provided for by applicable law; and
8. For such further relief as the Court may deem just and proper.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

Respectfully submitted,

DATED: April 16, 2020

SANJIV N. SINGH, A PROFESSIONAL LAW CORPORATION

Sanjiv N. Singh, JD, MD
Attorneys for Founder Institute Incorporated

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Sanjiv N. Singh, Esq. [193525]
Sanjiv N. Singh, APLC
1650 South Amphlett Blvd. Suite 220 San Mateo CA 94402

TELEPHONE NO.: 650-389-2255 FAX NO. (Optional): private
ATTORNEY FOR (Name): Plaintiff FOUNDER INSTITUTE INCORPORATED

FOR COURT USE ONLY

**Electronically Filed by Superior Court of CA, County of Santa Clara, on 4/16/2020 8:21 PM Reviewed By: Y. Chavez Case #20CV366110 Envelope: 4260370**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 N. First Street San Jose CA 95113
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME: Civil Division

CASE NAME:
FOUNDER INSTITUTE INCORPORATED v. HARTFORD FIRE INSURANCE COMPANY

**CIVIL CASE COVER SHEET**

[x] **Unlimited** (Amount demanded exceeds $25,000)
[ ] **Limited** (Amount demanded is $25,000)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 20CV366110
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[x] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify)*: Four: Breach of Contract, Breach of Cov Good Faith Fair Dealing, Dec Relief, 17200
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 16 2020
Sanjiv N. Singh, Esq.
(TYPE OR PRINT NAME)
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

Santa Clara – Civil

ATTACHMENT CV-5012 Chavez

# CIVIL LAWSUIT NOTICE

***Superior Court of California, County of Santa Clara***
***191 North First St., San José, CA 95113***

CASE NUMBER: 20CV366110

20CV366110

**PLEASE READ THIS ENTIRE FORM**

***PLAINTIFF*** (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

***DEFENDANT*** (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format*, in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

***RULES AND FORMS:*** You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

***CASE MANAGEMENT CONFERENCE (CMC):*** You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

***You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.***

**Your Case Management Judge is:** Barrett, Thang N **Department:** ______

**The 1st CMC is scheduled for:** (Completed by Clerk of Court)
**Date:** 08/18/2020 **Time:** 3:45pm in **Department:** 21

**The next CMC is scheduled for:** (Completed by party if the 1st CMC was continued or has passed)
**Date:** ______ **Time:** ______ in **Department:** ______

***ALTERNATIVE DISPUTE RESOLUTION (ADR):*** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

***WARNING:*** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

Santa Clara – Civil

Y. Chavez

SANJIV N. SINGH, A PROFESSIONAL LAW CORPORATION
Sanjiv N. Singh (SBN 193525)
1650 S. Amphlett Blvd. Suite 220
San Mateo, CA 94402
Phone: (650) 389-2255
Email: ssingh@sanjivnsingh.com

**Electronically Filed by Superior Court of CA, County of Santa Clara, on 5/22/2020 4:50 PM
Reviewed By: Y. Chavez
Case #20CV366110
Envelope: 4373371**

Attorneys for Plaintiff FOUNDER INSTITUTE INCORPORATED

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SANTA CLARA**

**UNLIMITED JURISDICTION**

**FOUNDER INSTITUTE INCORPORATED, a California Corporation,**

**Plaintiff,**

**v.**

**HARTFORD FIRE INSURANCE COMPANY, a corporation doing business in California; SENTINEL INSURANCE COMPANY, LIMITED, a corporation doing business in California; and DOES 1 through 50, inclusive,**

**Defendants.**

**Case No.: 20CV366110**

**FIRST AMENDED COMPLAINT FOR:**

**1. BREACH OF CONTRACT;**
**2. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;**
**3. BAD FAITH DENIAL;**
**4. DECLARATORY RELIEF;**
**5. UNJUST ENRICHMENT;**
**6. UNFAIR COMPETITION UNDER BUS. & PROF. CODE § 17200 ET SEQ.;**
**7. INJUNCTIVE RELIEF UNDER BUS. & PROF. CODE § 17200 ET SEQ.**

**JURY TRIAL DEMANDED**

Plaintiff FOUNDER INSTITUTE INCORPORATED, a Delaware Corporation doing business in California brings this Complaint, alleging against HARTFORD FIRE INSURANCE COMPANY, a corporation, and SENTINEL INSURANCE COMPANY

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

LIMITED, a corporation, both doing business in California, and DOES 1 THROUGH 50, as follows:

## INTRODUCTION

1. This is an insurance bad faith lawsuit brought by Plaintiff FOUNDER INSTITUTE, INCORPORATED, a Delaware Corporation that owns and operates a vital startup incubator in Palo Alto, California (hereinafter "Plaintiff" or "Founder") against HARTFORD FIRE INSURANCE COMPANY, a corporation, SENTINEL INSURANCE COMPANY, LIMITED, a corporation, and possible Does (collectively, "Defendants"). Plaintiff seeks damages stemming from Defendants' bad faith handling and denial of Plaintiff's claim for business income loss coverage. Plaintiff, in good faith, based on the language of its policy and for the reason many businesses bought insurance policies with business income interruption clauses, reasonably expected that Defendants would provide coverage during these unprecedented times for the loss of business income Plaintiff has suffered due to the stay-at-home ordinances effected statewide, including in Santa Clara County. Specifically, as a result of civil ordinances, Plaintiff's central operations or so called scheduled premises were shut down or severely reduced in operations, crippling its ability to coordinate events which it was responsible for running and managing and thereby crippling its revenue stream.

2. Defendants, meanwhile, not only have failed to provide the requested coverage, but have engaged in deceptive and unfair business practices to evade responsibility for doing so. At a moment in world history when insurance companies should be stepping up, Defendants appear to be hiding behind procedures and conduct that appear to be bad faith and motivated only by profit. In this case, Defendants pre-rejected the claim before it was even submitted.

## PARTIES

3. At all relevant times, Plaintiff Founder Institute Incorporated was and is a Delaware corporation and is authorized to do business and doing business in the State

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

of California, County of Santa Clara. Plaintiff owns, operates, manages, and controls the startup incubator practice located in Palo Alto, California.

4. At all relevant times, Defendants Hartford Fire Insurance Company, a corporation, and Sentinel Insurance Company Limited, collectively ("HARTFORD DEFENDANTS") are doing business and maintaining regular offices in the State of California and doing business regularly in Santa Clara County. HARTFORD DEFENDANTS are conducting insurance business, including the marketing, sale and provision of business insurance policies and the process of handling claims, in the State of California and the basis of this suit arises out of such conduct.

5. Plaintiff does not know the true names and capacities, whether individual, associate, or otherwise, of Defendants DOES 1 through 50, and therefore designate those Defendants by such fictitious names. Each of the Defendants sued herein as a DOE is legally responsible in some manner for the events and happenings referred to herein and proximately caused the injuries suffered by the Plaintiff. DOES may include other underwriters, agents, or individuals who participated in decisions or ratified decisions that led to or constituted the bad faith denial and misconduct of Defendants outlined in this Complaint. Plaintiff will amend this Complaint accordingly to allege the true names and capacities of these DOE Defendants when/if the same becomes known to Plaintiff.

## JURISDICTION AND VENUE

6. Jurisdiction is proper pursuant to Cal. Code Civ. Proc. §§ 410.10, 410.50, and 1060.

7. Venue is proper in this Court because the acts and/or omissions complained of took place, in whole or in part, within Santa Clara County, California. Defendants conduct business extensively throughout California, marketing their insurance policies and selling their insurance policies to thousands of insured businesses and consumer businesses in California.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

## GENERAL ALLEGATIONS

8. All allegations in this Complaint are based on information and belief and/or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

**The Founder Institute And Its Hartford Policy**

9. Plaintiff's business is a startup incubator in Palo Alto California. The Founder Institute is the world's largest pre-seed startup accelerator, with nationwide alumni that have built numerous companies that have provided employment and economic stimulus in cities across the nation. Its Palo Alto headquarters is the key to keeping its networking operations running and is the central headquarters from which the majority of their operations, events, and revenue generating activities are planned, conceived and coordinated.

10. At all relevant times, since 2011 Plaintiff has been a Hartford policyholder, currently insured under Hartford's business policy number 57 SBA BA76715 DX (the "Policy").

11. The Policy is currently in full effect, providing commercial business policy coverage including coverage for lost business income which occurs during the policy period, which is currently from July 22, 2019 through July 22, 2020.

12. Plaintiff faithfully paid policy premiums to Defendants, specifically to provide additional coverages including but not limited to loss of business income due to Civil Authority or civil ordinances. The policy expressly states: "In return for the payment of the premium and subject to all of the terms of this policy, we agree with you to provide insurance as stated in this policy."

13. Under the Policy, Civil Authority coverage appears to be provided for loss of income, and appears to be available both for a shorter period and for an extended period under certain conditions.

14. The Policy specifically extends coverage to business income and extra expense caused by Civil Authority action limiting access to Plaintiff's headquarters.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

**The COVID-19 Pandemic**

15. On or about December of 2019, the so-called pathogen SARS CoV-2 ("COVID-19") was first identified in humans in Wuhan, China.

16. As is now commonly known, in an unprecedented event that has not occurred in more than a century, a world pandemic of global proportions then ensued. By March 11, 2020, the World Health Organization officially recognized the pandemic. The virus has already claimed 23,604 lives in the United States, with a reported 581,679 confirmed cases in the United States as of April 13, 2020 at 5:55 pm. The ordinances described below were issued with multiple objectives to address a complex national crisis.

17. It is well recognized that the virus can be spread through person to person contacts like other viruses, and some experts believe that it may also be spread by people touching contaminated surfaces (so-called "fomites") and then their face.

18. On March 12, 2020, the Governor of the State of California Gavin Newsom banned gatherings over 250 people.

19. On March 16, 2020, the health departments of numerous counties, including San Francisco, San Mateo, Santa Cruz, and Santa Clara, announced, with the City of Berkeley, a legal order directing residents to shelter in place for three weeks beginning midnight March 17 to April 7. It was well recognized by all counties that part of the reason for the issuance of the orders was the need to reduce the person to person transmission of the virus and reduce the contamination of frequently contacted surfaces with the virus. Orders were then extended through May 3, 2020.

20. By March 19, 2020, the Governor of California issued a statewide stay at home order ("State of California Order") that would be in effect until further notice and is still in effect as this pandemic continues.

21. On April 29th, 2020, the Health Office of Santa Clara continued the shelter-in-place order to be in effect until May 31, 2020.

22. The Santa Clara Ordinance and State of California Order, in an unprecedented manner, required necessary measures to keep people at home and off the streets and out

of areas of public gatherings, and thereby crippled the major source of revenue for numerous businesses. As a direct and proximate result of this Order, access to businesses like Founder Institute have been specifically prohibited and it is thus not generally physically accessible to visitors, employees, partners, or clients.

**Rapid Denial of Founder Institute In Apparent Bad Faith**

23. In good faith, Founder Institute promptly notified Defendants on April 7, at 9:18AM , that they would be seeking claims for business loss due to the civil ordinances. Twenty four minutes (not hours) later, Defendants issued what appeared to be a cut and pasted pre denial from a Mimi Watson stating the following: "This is not a covered loss on your policy but, I have called the claim into Hartford and someone will contact you in a week or so. I understand your situation as we are all in this together." A portion of the email appeared as though the agent cut and pasted a screen shot of excerpt from a pre drafted denial letter and sent it out.

24. As of the date of filing of this Complaint Founder Institute has been told that its claim was denied but no denial letter has been produced. ***Instead, Defendants simply without notice designated Founder Institute's "Claim Status" as "Closed" and have failed to communicate with any meaningful analysis.***

25. On information and belief and based on actual communications, Defendants' conduct above was ratified, ordered, and encouraged by officers of Defendants in order to effect a strategy to rapidly deny, deflect, and minimize COVID-19 related claims and losses for Defendants. In fact, on information and belief, Plaintiff's counsel has learned that there are allegations that on or about March 17, 2020, members of the insurance industry are believed to have sent company wide emails to their claims offices which were then distributed to agents and representatives in different parts of California directing agents and representatives to spread the word that there was no coverage and dissuade businesses from submitting claims.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

**FIRST CAUSE OF ACTION**

**(Breach of Contract by Plaintiff Against All Defendants)**

26. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

27. Plaintiff was insured under a valid insurance policy, the aforementioned and described Policy, issued by Defendants which was in effect on the date the loss occurred.

28. Plaintiff paid consideration in the form of premiums for Policy, and have faithfully performed all obligations required to be performed by them under the terms of the Policy, except to the extent performance may have been excused by, among other things, Defendants' bad faith conduct and breach of the insurance policy.

29. Defendants breached the terms of the contract by not providing requisite documentations required for submitting claims, by prematurely and without basis or reasonable good faith analysis denying and/or "closing" the claim without proper analysis or explanation, and by ultimately failing to pay and/or underpaying monies due under the contract and by forcing Plaintiff to file this action.

30. Plaintiff has demanded that Defendants pay, and Defendants have declined to pay, Plaintiff's claims for damages and losses of business income and additional expenses due to Civil Authority, specifically the issuance of the Santa Clara Ordinance and State of California Order which limited public access to Founder Institute.

31. As a direct, proximate, and legal result of Defendants' breach of contract, Plaintiff has been, and continues to be, damaged in an amount in excess of the jurisdictional limits of this Court, including but not limited to: damage suffered to their business caused by the loss of business income and additional expenses created by the Santa Clara Ordinance and State of California Order, the loss of benefits due under the contract, and consequential damages including interest on the monies Plaintiff could and should have received promptly, but which they did not receive in a timely manner as a result of Defendants' breach of the contract, as well as other fees, expenses, and costs to be proven at trial.

32. Plaintiff has also sustained other economic losses as a direct, proximate, and legal result of Defendants' conduct, in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**

**(Breach of the Implied Covenant of Good Faith and Fair Dealing Against All Defendants)**

33. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

34. Plaintiff's insurance policy at issue in this action, the aforementioned Policy, contains an implied covenant of good faith and fair dealing, whereby Defendants, and each of them, agreed to perform their obligations under the Policy in good faith, to deal fairly with Plaintiff, and not to unreasonably deprive Plaintiff of the benefits due under the insurance policy.

35. Defendants tortiously breached the implied covenant of good faith and fair dealing arising from the insurance contract by unreasonably denying or withholding benefits due under the Policy, by failing to conduct fair and objective claims investigation and issuing preordained denials and pre-claim communications aimed to discourage claims, by failing to treat Plaintiff fairly and by other conduct, including but not limited to that expressly set forth in this Complaint, after accepting insurance premiums from Plaintiff. On information and belief, it appears from the pattern of pre-denial and cut and pasted communications by agents that Defendants were, and are, executing a directive to deny COVID-19 claims systematically.

36. Despite Plaintiff's request for coverage and demand for payment of the compensation for the business disruption caused by the Santa Clara Ordinance and State of California Order, Defendants denied coverage and blocked access to information and engaged in a continuous pattern of tortious conduct which has and will cause Plaintiff continued damages.

37. Defendants engaged and continue to engage in the course of conduct to further their own economic interest, including and in violation of their obligations to Plaintiff.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

This conduct includes, but is not limited to that conduct alleged in this Complaint and the following:

a. Failing to perform competent and/or complete investigation of the request for coverage;

b. Misrepresenting the content of the Policy to Plaintiff;

c. Deliberately, unjustifiably, and unreasonably denying coverage and hiding essential information in an effort to discourage Plaintiff from pursuing their full policy and benefits;

d. Refusing to pay any or adequate insurance benefits which a reasonable person would have believed Plaintiff was entitled to receive;

e. Failing to provide promptly a reasonable explanation of the basis relied on in the insurance policy, in relation to the facts or applicable law, for the denial of Plaintiff's claims, and instead providing a boilerplate, inapplicable explanation; and

f. Plaintiff is informed, believe and thereon alleges, that Defendants have breached their duties of good faith and fair dealing owed to Plaintiff by other acts or omissions of which Plaintiff is presently unaware and which will be shown according to proof at the time of trial.

38. Without any reasonable basis for doing so, and with full knowledge and/or conscious disregard of the consequences, Defendants have failed and refused to act in good faith or act fairly toward Plaintiff. Furthermore, Defendants have in bad faith failed and refused to perform their obligations under the insurance policy and under the laws of the State of California.

39. Defendants engaged in conduct that was malicious, fraudulent, and oppressive. Indeed, Defendants engaged in a scheme designed to quickly deny Plaintiff's claim. The Hartford Defendants unreasonably denied and/or "closed" Plaintiff's claim without investigating the actual cause of the loss and business interruption—i.e., the Civil Authority orders themselves and their multiple expressly stated policy objectives

including preventing overrun of the health system and the City, County and State concern for surface contamination and damage and person to person transmission.

40. As a direct, proximate, and legal result of said breaches of the covenants of good faith and fair dealing by Hartford, Plaintiff has been damaged and continues to incur each and every day substantial and foreseeable consequential and incidental damages, including loss of income and net profits and other expenses related to complying with the Santa Clara Ordinance and State of California Order, and other costs in an amount according to proof. Plaintiff was and will be forced to expend attorneys' fees and costs in pursuing relief to which they are entitled as a matter of law. Pursuant to *Brandt v. Superior Court* (1985) 37 Cal.3d 813, Plaintiff is entitled to attorneys' fees and costs reasonably incurred to compel the payment of benefits due under the insurance policies.

41. As a further direct, proximate and legal result of the wrongful conduct of Defendants, and each of them, Plaintiff has also sustained other economic damages, as set forth above, and other damages in an amount to be proven at trial.

42. On the basis of all of the facts alleged herein, Defendants' conduct and actions were despicable, done maliciously, oppressively, and fraudulently, with the intent to deprive Plaintiff of insurance benefits and to cause injury to Plaintiff. Defendants' conduct and actions were further done with a willful and conscious disregard of Plaintiff's rights, thereby subjecting Plaintiff to unjust hardship and distress in the midst of a global pandemic where Plaintiff will play a critical role in economic recovery of other businesses. Defendants, its officers, directors, and managing agents were personally involved in the decision-making process with respect to the misconduct alleged herein and to be proven at trial, as suggested already, even prior to discovery, by verbal and written communications showing the appearance of a pre-planned, rapid denial of COVID-19 claims.

43. Plaintiff alleges on information and belief that Defendants, through their representatives, officers, directors, and managing agents, authorized and ratified each and every act on which Plaintiff's allegations of punitive damages herein are based

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

upon. On that basis, pursuant to California Civil Code § 3294, Plaintiffs are entitled to an award of exemplary and punitive damages in an amount adequate to make an example of, and to punish and deter Defendants and each of them.

## THIRD CAUSE OF ACTION

**(Bad Faith Denial Against All Defendants)**

44. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

45. Defendants have in bad faith failed or refused to perform their obligations under the Policy and under the laws of California because Defendants have put their own interests above those of Plaintiff.

46. Defendants denied Plaintiff's claim in bad faith, among other things, when Defendants (a) failed or refused to perform a fair, objective, and thorough investigation of the claim as required by California Insurance Code; (b) raising coverage defenses that were factually and/or legally invalid, (c) improperly denying coverage by creating unduly restrictive claim interpretations on the terms of the Policy, and ultimately forcing Plaintiff to engage in litigation to recover the amounts due under the Policy.

47. On information and belief, Plaintiff alleges that there are numerous other individuals, business entities, and other groups insured by Defendants who were or are similarly situated by Plaintiff in that they were denied coverage using similar unlawful tactics used to deny Plaintiff's claim coverage. At such time as Plaintiff learn the names of such parties, Plaintiff may seek leave of court to join such persons as additional Plaintiff in this action.

48. Based on the foregoing allegations, Plaintiff alleges Defendants have committed institutional bad faith and that what Plaintiff experienced is not an isolated incident but rather a systematic and organized unfair practices perpetrated against Defendants' clients. The pattern of unfair practices constitutes intentional wrongful conduct that is institutionalized in Defendants' established company policy.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

49. As a proximate result of Defendants' bad faith conduct above, Plaintiff has suffered and will continue to suffer damages. These damages include interest on the withheld and unreasonably delayed payments due under the policy and other special economic and consequential damages, in an amount to be proven at trial.

50. Plaintiff was forced to retain legal counsel to obtain benefits due under its policy as a result of Defendant's bad faith conduct. As such, Plaintiff is entitled to recover from Defendants attorney fees and other reasonable costs of litigation incurred by Plaintiff in order to obtain the benefits of the policy.

51. On the basis of all of the facts alleged herein, Defendants' conduct and actions were despicable, done maliciously, oppressively, and fraudulently, with the intent to deprive Plaintiff of insurance benefits and to cause injury to Plaintiff. Defendants' conduct and actions were further done with a willful and conscious disregard of Plaintiff's rights, thereby subjecting Plaintiff to unjust hardship and distress in the midst of a global pandemic where Plaintiff is serving an essential and critical function. Defendants, its officers, directors, and managing agents were personally involved in the decision-making process with respect to the misconduct alleged herein and to be proven at trial, as suggested already, even prior to discovery, by verbal and written communications showing the appearance of a pre-planned, rapid denial of COVID-19 claims.

52. Plaintiff alleges on information and belief that Defendants, through their representatives, officers, directors, and managing agents, authorized and ratified each and every act on which Plaintiff's allegations of punitive damages herein are based upon. On that basis, pursuant to California Civil Code § 3294, Plaintiff is entitled to an award of exemplary and punitive damages in an amount adequate to make an example of, and to punish and deter Defendants and each of them.

FOURTH CAUSE OF ACTION

**(Declaratory Relief by Plaintiffs Against All Defendants)**

53. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein. Under California Code of Civil Procedure § 1060 et seq., the Court may declare rights, status, and other legal relations whether or not further relief is or could be claimed. It is also likely that the COVID-19 pandemic may trigger subsequent claims by Plaintiff under this Policy if the pandemic occurs in cycles, as has been predicted by some health experts.

54. An actual controversy has arisen between Plaintiff and Defendants as to the rights, duties, responsibilities, and obligations of the parties in that Plaintiff contends that and Defendants deny that : (1) the civic orders issued by the Government of State of California and the County of Santa Clara constitute a prohibition of access to Plaintiff's business or so-called described premises under the Policy; (2) the prohibition of access to the described premises by the various orders triggers the Civil Authority business income loss and additional expenses portion of the Policy; (3) said civic orders trigger coverage without applicable exclusion because the civil authorities in question were concerned for ongoing damage including possible fomite contamination occurring outside of the business; and (4) the Policy provides coverage to Plaintiff for such orders. Resolution of the duties, responsibilities, and obligations of the parties is necessary as no full adequate remedy at law exists given the potential ongoing and cyclical nature of the pandemic and the damage that can occur with these orders, and a declaration of the Court is needed to resolve the dispute and controversy.

FIFTH CAUSE OF ACTION

**(Unjust Enrichment Against All Defendants)**

55. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

56. As set forth above, Plaintiff may lose the financial benefit of the amounts that Plaintiff has paid for those portions of the policy that were illegal, unfair, or deceptive because of Defendants' unlawful conduct.

57. Defendants were unjustly enriched at the expense of and to the detriment of Plaintiff because of their wrongful acts and omissions.

58. Specifically, Defendants were unjustly enriched when Defendants offered insurance coverages through their policy which purport and appear to provide coverages for loss of business income due to Civil Authority or civil ordinance, but instead Defendants refused to fulfill their financial obligation to Plaintiff and denied coverage in a rapid fashion without any evidence of properly conducting review or investigation to the claims, suggesting that Defendants have no intention to pay the insurance coverage owed to Plaintiff.

59. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages and is entitled to restitution in an amount to be proven at trial. Plaintiff seeks restitution from Defendant and seek an order from the Court to disgorge all monies paid to Defendants as a result of the unlawful, illegal, and/or fraudulent business practices.

60. Plaintiff has no adequate remedy at law.

**SIXTH CAUSE OF ACTION**

**(Violation of California Bus. & Prof. Code § 17200 Et Seq. Against All Defendants)**

61. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

62. Section 17200 of the California Business & Professions Code ("Unfair Competition Law" or "UCL") prohibits any "unlawful," "unfair," and "fraudulent" business practice.

63. Section 17200 specifically prohibits any "***unlawful*** . . . business act or practice." Defendants have violated the UCL's prohibition against engaging in unlawful act or practice by, *inter alia*, denying Plaintiff's claim for coverage and such action violates California state laws.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

64. By improperly denying Plaintiff's claim, Defendants violated California's Unfair Insurance Practice Acts (UIPA), codified as California Insurance Code Section 790.03(h), including but not limited to the following unfair claim practices:

a. Misrepresenting to Plaintiff pertinent facts or insurance policy provisions relating to any coverages at issue;

b. Issuing a boilerplate letter in record time and appearing to have pre-ordained a denial of claims as part of a systemwide campaign by Hartford Defendants to dissuade policyholders from even submitting claims; and

c. Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies, not spending time to carefully read the language of their own Policy and failing to identify and analyze what actually triggered the Civil Authority ordinances or orders in question.

65. It is also believed that Hartford Defendants are attempting to contract around California Insurance Code by attempting to enforce an unenforceable virus exclusion even before a claim was submitted and ultimately in contravention of a covered peril (i.e. the effects of a civil ordinance) which was the primary and proximate cause of Plaintiff's business losses to date. Hartford Defendants' conduct is therefore unlawful, and the exclusion clause unenforceable.

66. Section 17200 also prohibits any "***unfair*** . . . business act or practice." As described in the preceding paragraphs, Defendants engaged in the unfair business practice of denying business disruption insurance claims even though Defendants' policy language covers such losses and attempting to dissuade even the submission of the claims by disseminating false information about what the Policy covers.

67. Defendants' business practices, as detailed above, are unethical, oppressive, and unscrupulous. They violate fundamental policies of this State including the very policies underlying the Santa Clara Ordinance and State of California Order which aim to protect the general population and the County for a finite period of time but not cause unreasonable closure or business loss for businesses. Further, any justifications for

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

Defendants' wrongful conduct are outweighed by the adverse effects of such conduct, which in this case is jeopardizing operations of a business that will play a critical role in recovery of the local economy by catalyzing the recovery and growth of startups. Thus, Defendants are engaged in unfair business practices prohibited by California Business & Professions Code §17200 et seq.

68. Section 17200 also prohibits any "***fraudulent business act or practice***." Defendants violated this prong of the UCL by disseminating and/or agreeing to disseminate, through Defendants' website and other promotional channels, misleading and partial statements about available business disruption or closure coverages that have a tendency to mislead the public, and also at the time they marketed their policies, misleading consumers to believe they would be insured for this kind of business interruption. Further, Defendants violated this prong of the UCL by omitting material information about business disruption coverages with the intent to induce reliance by consumers to not pursue such claims even though Defendants have an obligation to compensate them under their Policy. Defendants' claims, nondisclosures, and misleading statements concerning business closure coverage and/or lack thereof, as more fully set forth above, were false, misleading, and/or likely to deceive the consuming public within the meaning of California Business and Professions Code §17200. They were and are intended to dissuade businesses from seeking coverage.

69. Section 17200 also prohibits any "unfair, deceptive, untrue, or misleading advertising." For the reasons set forth above, Defendants engaged in unfair, deceptive, untrue, and misleading advertising in violation of California Business & Professions Code § 17200.

70. Defendants' conduct caused and continues to cause substantial injury to Plaintiff. Plaintiff has suffered injury in fact and lost money as a result of Defendants' unfair conduct.

71. Additionally, pursuant to California Business and Professions Code § 17203, Plaintiff seeks an order requiring Defendants to immediately cease such acts of

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

unlawful, unfair, and fraudulent business practices and requiring Defendants to pay the monies owed to Plaintiff.

**SEVENTH CAUSE OF ACTION**

**(Injunctive Relief Under Bus. & Prof. Code § 17200 Et Seq. Against All Defendants)**

72. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

73. Upon information and belief, Plaintiff alleges that unless enjoined by the order of the Court, Defendants will continue their unlawful practices of denying coverages to policyholders with legitimate claims just like Plaintiff who are literally trying to survive by the day due to the COVID-19 global pandemic emergency. No adequate remedy exists at law for the injuries alleged herein, and Plaintiff will suffer great and irreparable injury if Defendant's conduct is not immediately enjoined and restrained.

74. Defendants wrongfully denied Plaintiff's insurance claim without any conducting a proper claim review and investigation, and likely doing so to avoid their financial obligations to Plaintiff and their policyholders. Given the uncertainty of when the pandemic emergency can truly end and the likely continued effect of the closure orders, it is foreseeable for Plaintiff to have similar and additional insurance claims in the future, and Defendants could use similar tactics to deny coverage to Plaintiff similar to the situation led to this instant action. If Defendants' conduct is not restrained or enjoined, Plaintiff will suffer great and irreparable harm, as it has already paid the premium due for the insurance policy, and Defendants seem committed to continuing their unlawful practices of erroneously denying claims and will likely continue to do so without an injunction from the Court.

75. Plaintiff has no adequate remedy at law for the threatened injury.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. For general, compensatory damages, plus prejudgment interest and other damages according to proof;
2. For special and consequential damages;
3. For punitive and exemplary damages according to proof and as applicable under the law;
4. For restitutionary disgorgement of all profits Defendants obtained as a result of unlawful, unfair, and/or fraudulent business practices;
5. For an appropriate injunction;
6. For attorneys' fees and costs of suit herein;
7. For pre-judgment interest as provided for by applicable law; and
8. For such further relief as the Court may deem just and proper.

Respectfully submitted,

DATED: May 22, 2020

SANJIV N. SINGH, A PROFESSIONAL LAW CORPORATION

Sanjiv N. Singh, JD, MD
Attorneys for Founder Institute Incorporated

Reviewed by: Y. Chavez
on 5/22/2020 4:50 PM Y. Chavez
Envelope: 4373371

SANJIV N. SINGH, A PROFESSIONAL LAW CORPORATION
Sanjiv N. Singh (SBN 193525)
1650 S. Amphlett Blvd. Suite 220
San Mateo, CA 94402
Phone: (650) 389-2255
Email: ssingh@sanjivnsingh.com

Attorneys for Plaintiff Founder Institute Incorporated

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SANTA CLARA**

**UNLIMITED JURISDICTION**

**FOUNDER INSTITUTE INCORPORATED, a Delaware Corporation,**

**Plaintiff,**

**v.**

**HARTFORD FIRE INSURANCE COMPANY, a corporation doing business in California; SENTINEL INSURANCE COMPANY, LIMITED, a corporation doing business in California; and DOES 1 through 50, inclusive,**

**Defendants.**

**Case No.: 20CV366110**

**PLAINTIFF'S JURY FEES DEPOSIT FOR FIRST DAY OF TRIAL**

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

TO CLERK OF THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Founder Institute Incorporated hereby deposit the advance jury fees in the amount of One-Hundred and Fifty Dollars ($150.00) pursuant to Code of Civil Procedure § 631.

Respectfully submitted,

DATED: May 22, 2020

SANJIV N. SINGH, A PROFESSIONAL LAW CORPORATION

Sanjiv N. Singh, JD, MD
Attorneys for Plaintiff Founder Institute Incorporated

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

***What is ADR?***
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

***What are the advantages of choosing ADR instead of litigation?***
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.
- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.
- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.
- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.
- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

***What are the main forms of ADR offered by the Court?***
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:

- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:

- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:

- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:

- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

***What kind of disputes can be resolved by ADR?***
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

***Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?***

***Contact:***
Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2784

 **Service of Process Transmittal**
06/08/2020
CT Log Number 537755089

**TO:** Michael Johnson, Legal Assistant
The Hartford
1 Hartford Plz, HO-1-09
Hartford, CT 06155-0001

**RE:** **Process Served in California**

**FOR:** Sentinel Insurance Company, Ltd. (Domestic State: CT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | FOUNDER INSTITUTE INCORPORATED, ETC., PLTF. vs. HARTFORD FIRE INSURANCE COMPANY, ETC., ET AL., DFTS. // TO: SENTINEL INSURANCE COMPANY LTD. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20CV366110 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/08/2020 at 10:37 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | - |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/08/2020, Expected Purge Date: 06/13/2020<br><br>Image SOP<br><br>Email Notification, Michael Johnson MICHAEL.JOHNSON@THEHARTFORD.COM<br><br>Email Notification, Fiona Rosenberg Fiona.Rosenberg@thehartford.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>155 Federal St Ste 700<br>Boston, MA 02110-1727 |
| **For Questions:** | 800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

6/19/20 @ 9:45A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

E-FILED
4/16/2020 8:21 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
20CV366110
Reviewed By: Y. Chavez
Envelope: 4260370

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
HARTFORD FIRE INSURANCE COMPANY, a corporation doing business in California; SENTINEL INSURANCE COMPANY LIMITED, a corporation doing business in California; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
FOUNDER INSTITUTE INCORPORATED, a Delaware Corporation

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of the County of Santa Clara
191 N. First Street, San Jose CA 95113

CASE NUMBER: *(Número del Caso):*
20CV366110

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sanjiv N. Singh, Esq., 1650 South Amphlett Blvd. Suite 220, San Mateo CA 94402; telephone 650-389-2255

DATE: *(Fecha)* 4/16/2020 8:21 PM Clerk of Court Clerk, by *(Secretario)* Y. Chavez , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010).)*

[SEAL]

THE GREAT SEAL OF THE STATE OF
CALIFORNIA

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of (specify): Sentinel Insurance Company Ltd.

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

SANJIV N. SINGH, A PROFESSIONAL LAW CORPORATION
Sanjiv N. Singh (SBN 193525)
1650 S. Amphlett Blvd. Suite 220
San Mateo, CA 94402
Phone: (650) 389-2255
Email: ssingh@sanjivnsingh.com

E-FILED
4/16/2020 8:21 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
20CV366110
Reviewed By: Y. Chavez

Attorneys for Plaintiff FOUNDER INSTITUTE INCORPORATED

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SANTA CLARA**

**UNLIMITED JURISDICTION**

| | |
|---|---|
| **FOUNDER INSTITUTE INCORPORATED, a Delaware Corporation,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**HARTFORD FIRE INSURANCE COMPANY, a corporation doing business in California; SENTINEL INSURANCE COMPANY, LIMITED, a corporation doing business in California; and DOES 1 through 50, inclusive,**<br><br>**Defendants.** | **Case No.:** 20CV366110<br><br>**COMPLAINT FOR:**<br><br>**1. BREACH OF CONTRACT;**<br>**2. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;**<br>**3. DECLARATORY RELIEF;**<br>**4. UNFAIR COMPETITION UNDER BUS. & PROF. CODE § 17200 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff FOUNDER INSTITUTE INCORPORATED, a Delaware Corporation doing business in California brings this Complaint, alleging against HARTFORD FIRE INSURANCE COMPANY, a corporation, and SENTINEL INSURANCE COMPANY



SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

LIMITED, a corporation, both doing business in California, and DOES 1 THROUGH 50, as follows:

## INTRODUCTION

1. This is an insurance bad faith lawsuit brought by Plaintiff FOUNDER INSTITUTE, INCORPORATED, a Delaware Corporation that owns and operates a vital startup incubator in Palo Alto, California (hereinafter "Plaintiff" or "Founder") against HARTFORD FIRE INSURANCE COMPANY, a corporation, SENTINEL INSURANCE COMPANY, LIMITED, a corporation, and possible Does (collectively, "Defendants"). Plaintiff seeks damages stemming from Defendants' bad faith handling and denial of Plaintiff's claim for business income loss coverage. Plaintiff, in good faith, based on the language of its policy and for the reason many businesses bought insurance policies with business income interruption clauses, reasonably expected that Defendants would provide coverage during these unprecedented times for the loss of business income Plaintiff has suffered due to the stay-at-home ordinances effected statewide, including in Santa Clara County. Specifically, as a result of civil ordinances, Plaintiff's central operations or so called scheduled premises were shut down or severely reduced in operations, crippling its ability to coordinate events which it was responsible for running and managing and thereby crippling its revenue stream.

2. Defendants, meanwhile, not only have failed to provide the requested coverage, but have engaged in deceptive and unfair business practices to evade responsibility for doing so. At a moment in world history when insurance companies should be stepping up, Defendants appear to be hiding behind procedures and conduct that appear to be bad faith and motivated only by profit. In this case, Defendants pre-rejected the claim before it was even submitted.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

## PARTIES

3. At all relevant times, Plaintiff Founder Institute Incorporated was and is a Delaware corporation and is authorized to do business and doing business in the State of California, County of Santa Clara. Plaintiff owns, operates, manages, and controls the startup incubator practice located in Palo Alto, California.

4. At all relevant times, Defendants Hartford Fire Insurance Company, a corporation, and Sentinel Insurance Company Limited, collectively ("HARTFORD DEFENDANTS") are doing business and maintaining regular offices in the State of California and doing business regularly in Santa Clara County. HARTFORD DEFENDANTS are conducting insurance business, including the marketing, sale and provision of business insurance policies and the process of handling claims, in the State of California and the basis of this suit arises out of such conduct.

5. Plaintiff does not know the true names and capacities, whether individual, associate, or otherwise, of Defendants DOES 1 through 50, and therefore designate those Defendants by such fictitious names. Each of the Defendants sued herein as a DOE is legally responsible in some manner for the events and happenings referred to herein and proximately caused the injuries suffered by the Plaintiffs. DOES may include other underwriters, agents, or individuals who participated in decisions or ratified decisions that led to or constituted the bad faith denial and misconduct of Defendants outlined in this Complaint. Plaintiffs will amend this Complaint accordingly to allege the true names and capacities of these DOE Defendants when/if the same becomes known to Plaintiffs.

## JURISDICTION AND VENUE

6. Jurisdiction is proper pursuant to Cal. Code Civ. Proc. §§ 410.10, 410.50, and 1060.

7. Venue is proper in this Court because the acts and/or omissions complained of took place, in whole or in part, within Santa Clara County, California. Defendants conduct business extensively throughout California, marketing their insurance policies and selling

their insurance policies to thousands of insured businesses and consumer businesses in California.

## GENERAL ALLEGATIONS

8. All allegations in this Complaint are based on information and belief and/or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

**The Founder Institute And Its Hartford Policy**

9. Plaintiff's business is a startup incubator in Palo Alto California. The Founder Institute is the world's largest pre-seed startup accelerator, with nationwide alumni that have built numerous companies that have provided employment and economic stimulus in cities across the nation. Its Palo Alto headquarters is the key to keeping its networking operations running and is the central headquarters from which the majority of their operations, events, and revenue generating activities are planned, conceived and coordinated.

10. At all relevant times, since 2011 Plaintiff has been a Hartford policyholder, currently insured under Hartford's business policy number 57 SBA BA76715 DX (the "Policy").

11. The Policy is currently in full effect, providing commercial business policy coverage including coverage for lost business income which occurs during the policy period, which is currently from July 22, 2019 through July 22, 2020.

12. Plaintiff faithfully paid policy premiums to Defendants, specifically to provide additional coverages including but not limited to loss of business income due to Civil Authority or civil ordinances. The policy expressly states: "In return for the payment of the premium and subject to all of the terms of this policy, we agree with you to provide insurance as stated in this policy."

13. Under the Policy, Civil Authority coverage appears to be provided for loss of income, and appears to be available both for a shorter period and for an extended period under certain conditions.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

14. The Policy specifically extends coverage to business income and extra expense caused by Civil Authority action limiting access to Plaintiff's headquarters.

**The COVID-19 Pandemic**

15. On or about December of 2019, the so-called pathogen SARS CoV-2 ("COVID-19") was first identified in humans in Wuhan, China.

16. As is now commonly known, in an unprecedented event that has not occurred in more than a century, a world pandemic of global proportions then ensued. By March 11, 2020, the World Health Organization officially recognized the pandemic. The virus has already claimed 23,604 lives in the United States, with a reported 581,679 confirmed cases in the United States as of April 13 at 5:55 pm. The ordinances described below were issued with multiple objectives to address a complex national crisis.

17. It is well recognized that the virus can be spread through person to person contacts like other viruses, and some experts believe that it may also be spread by people touching contaminated surfaces (so-called "fomites") and then their face.

18. On March 12, 2020, the Governor of the State of California Gavin Newsom banned gatherings over 250 people.

19. On March 16, 2020, the health departments of numerous counties, including San Francisco, San Mateo, Santa Cruz, and Santa Clara, announced, with the City of Berkeley, a legal order directing residents to shelter in place for three weeks beginning midnight March 17 to April 7. It was well recognized by all counties that part of the reason for the issuance of the orders was the need to reduce the person to person transmission of the virus and reduce the contamination of frequently contacted surfaces with the virus. Orders were then extended through May 3, 2020.

20. By March 19, 2020, the Governor of California issued a statewide stay at home order ("State of California Order") that would be in effect until further notice and is still in effect as this pandemic continues.

21. The Santa Clara Ordinance and State of California Order, in an unprecedented manner, required necessary measures to keep people at home and off the streets and out

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

of areas of public gatherings, and thereby crippled the major source of revenue for numerous businesses. As a direct and proximate result of this Order, access to businesses like Founder Institute have been specifically prohibited and it is thus not generally physically accessible to visitors, employees, partners, or clients.

<u>Rapid Denial of Founder Institute In Apparent Bad Faith</u>

22. In good faith, Founder Institute promptly notified Defendants on April 7, at 9:18AM , that they would be seeking claims for business loss due to the civil ordinances. Twenty four minutes (not hours) later, Defendants issued what appeared to be a cut and pasted pre denial from a Mimi Watson stating the following: "This is not a covered loss on your policy but, I have called the claim into Hartford and someone will contact you in a week or so. I understand your situation as we are all in this together." A portion of the email appeared as though the agent cut and pasted a screen shot of excerpt from a pre drafted denial letter and sent it out.

23. As of the date of filing of this Complaint Founder Institute has been told that its claim was denied but no denial letter has been produced. ***Instead, Defendants simply without notice designated Founder Institute's "Claim Status" as "Closed" and have failed to communicate with any meaningful analysis.***

24. On information and belief and based on actual communications, Defendants' conduct above was ratified, ordered, and encouraged by officers of Defendants in order to effect a strategy to rapidly deny, deflect, and minimize COVID-19 related claims and losses for Defendants. In fact, on information and belief, Plaintiff's counsel has learned that there are allegations that on or about March 17, 2020, members of the insurance industry are believed to have sent company wide emails to their claims offices which were then distributed to agents and representatives in different parts of California directing agents and representatives to spread the word that there was no coverage and dissuade businesses from submitting claims.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

## FIRST CAUSE OF ACTION

**(Breach of Contract by Plaintiff against all Defendants)**

25. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

26. Plaintiff was insured under a valid insurance policy, the aforementioned and described Policy, issued by Defendants which was in effect on the date the loss occurred.

27. Plaintiff paid consideration in the form of premiums for Policy, and have faithfully performed all obligations required to be performed by them under the terms of the Policy, except to the extent performance may have been excused by, among other things, Defendants' bad faith conduct and breach of the insurance policy.

28. Defendants breached the terms of the contract by not providing requisite documentations required for submitting claims, by prematurely and without basis or reasonable good faith analysis denying and/or "closing" the claim without proper analysis or explanation, and by ultimately failing to pay and/or underpaying monies due under the contract and by forcing Plaintiff to file this action.

29. Plaintiff has demanded that Defendants pay, and Defendants have declined to pay, Plaintiff's claims for damages and losses of business income and additional expenses due to Civil Authority, specifically the issuance of the Santa Clara Ordinance and State of California Order which limited public access to Founder Institute.

30. As a direct, proximate, and legal result of Defendants' breach of contract, Plaintiff has been, and continues to be, damaged in an amount in excess of the jurisdictional limits of this Court, including but not limited to: damage suffered to their business caused by the loss of business income and additional expenses created by the Santa Clara Ordinance and State of California Order, the loss of benefits due under the contract, and consequential damages including interest on the monies Plaintiff could and should have received promptly, but which they did not receive in a timely manner as a result of Defendants' breach of the contract, as well as other fees, expenses, and costs to be proven at trial.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

31. Plaintiff has also sustained other economic losses as a direct, proximate, and legal result of Defendants' conduct, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

**(Breach of the Implied Covenant of Good Faith and Fair Dealing by all Defendants against Plaintiff)**

32. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

33. Plaintiff's insurance policy at issue in this action, the aforementioned Policy, contains an implied covenant of good faith and fair dealing, whereby Defendants, and each of them, agreed to perform their obligations under the Policy in good faith, to deal fairly with Plaintiff, and not to unreasonably deprive Plaintiff of the benefits due under the insurance policy.

34. Defendants tortiously breached the implied covenant of good faith and fair dealing arising from the insurance contract by unreasonably denying or withholding benefits due under the Policy, by failing to conduct fair and objective claims investigation and issuing preordained denials and pre-claim communications aimed to discourage claims, by failing to treat Plaintiff fairly and by other conduct, including but not limited to that expressly set forth in this Complaint, after accepting insurance premiums from Plaintiff. On information and belief, it appears from the pattern of pre-denial and cut and pasted communications by agents that Defendants were, and are, executing a directive to deny COVID-19 claims systematically.

35. Despite Plaintiff's request for coverage and demand for payment of the compensation for the business disruption caused by the Santa Clara Ordinance and State of California Order, Defendants denied coverage and blocked access to information and engaged in a continuous pattern of tortious conduct which has and will cause Plaintiff continued damages.

36. Defendants engaged and continue to engage in the course of conduct to further their own economic interest, including and in violation of their obligations to Plaintiff.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

This conduct includes, but is not limited to that conduct alleged in this Complaint and the following:

a. Failing to perform competent and/or complete investigation of the request for coverage;

b. Misrepresenting the content of the Policy to Plaintiff;

c. Deliberately, unjustifiably, and unreasonably denying coverage and hiding essential information in an effort to discourage Plaintiff from pursuing their full policy and benefits;

d. Refusing to pay any or adequate insurance benefits which a reasonable person would have believed Plaintiffs were entitled to receive;

e. Failing to provide promptly a reasonable explanation of the basis relied on in the insurance policy, in relation to the facts or applicable law, for the denial of Plaintiff's claims, and instead providing a boilerplate, inapplicable explanation; and

f. Plaintiff is informed, believe and thereon alleges, that Defendants have breached their duties of good faith and fair dealing owed to Plaintiff by other acts or omissions of which Plaintiffs are presently unaware and which will be shown according to proof at the time of trial.

37. Without any reasonable basis for doing so, and with full knowledge and/or conscious disregard of the consequences, Defendants have failed and refused to act in good faith or act fairly toward Plaintiff. Furthermore, Defendants have in bad faith failed and refused to perform their obligations under the insurance policy and under the laws of the State of California.

38. Defendants engaged in conduct that was malicious, fraudulent, and oppressive. Indeed, Defendants engaged in a scheme designed to quickly deny Plaintiff's claim. The Hartford Defendants unreasonably denied and/or "closed" Plaintiff's claim without investigating the actual cause of the loss and business interruption—i.e., the Civil Authority orders themselves and their multiple expressly stated policy objectives

including preventing overrun of the health system and the City, County and State concern for surface contamination and damage and person to person transmission.

39. As a direct, proximate, and legal result of said breaches of the covenants of good faith and fair dealing by Hartford, Plaintiff has been damaged and continues to incur each and every day substantial and foreseeable consequential and incidental damages, including loss of income and net profits and other expenses related to complying with the Santa Clara Ordinance and State of California Order, and other costs in an amount according to proof. Plaintiff was and will be forced to expend attorneys' fees and costs in pursuing relief to which they are entitled as a matter of law. Pursuant to *Brandt v. Superior Court* (1985) 37 Cal.3d 813, Plaintiff is entitled to attorneys' fees and costs reasonably incurred to compel the payment of benefits due under the insurance policies.

40. As a further direct, proximate and legal result of the wrongful conduct of Defendants, and each of them, Plaintiff has also sustained other economic damages, as set forth above, and other damages in an amount to be proven at trial.

41. On the basis of all of the facts alleged herein, Defendants' conduct and actions were despicable, done maliciously, oppressively, and fraudulently, with the intent to deprive Plaintiff of insurance benefits and to cause injury to Plaintiff. Defendants' conduct and actions were further done with a willful and conscious disregard of Plaintiff's rights, thereby subjecting Plaintiff to unjust hardship and distress in the midst of a global pandemic where Plaintiff will play a critical role in economic recovery of other businesses. Defendants, its officers, directors, and managing agents were personally involved in the decision-making process with respect to the misconduct alleged herein and to be proven at trial, as suggested already, even prior to discovery, by verbal and written communications showing the appearance of a pre-planned, rapid denial of COVID-19 claims.

42. Plaintiff alleges on information and belief that Defendants, through their representatives, officers, directors, and managing agents, authorized and ratified each and every act on which Plaintiff's allegations of punitive damages herein are based

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

upon. On that basis, pursuant to California Civil Code § 3294, Plaintiffs are entitled to an award of exemplary and punitive damages in an amount adequate to make an example of, and to punish and deter Defendants and each of them.

**THIRD CAUSE OF ACTION**

**(Declaratory Relief by Plaintiffs against all Defendants)**

43. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein. Under California Code of Civil Procedure § 1060 et seq., the Court may declare rights, status, and other legal relations whether or not further relief is or could be claimed. It is also likely that the COVID-19 pandemic may trigger subsequent claims by Plaintiff under this Policy if the pandemic occurs in cycles, as has been predicted by some health experts.

44. An actual controversy has arisen between Plaintiff and Defendants as to the rights, duties, responsibilities, and obligations of the parties in that Plaintiff contends that and Defendants deny that : (1) the civic orders issued by the Government of State of California and the County of Santa Clara constitute a prohibition of access to Plaintiffs' business or so-called described premises under the Policy; (2) the prohibition of access to the described premises by the various orders triggers the Civil Authority business income loss and additional expenses portion of the Policy; (3) said civic orders trigger coverage without applicable exclusion because the civil authorities in question were concerned for ongoing damage including possible fomite contamination occurring outside of the business; and (4) the Policy provides coverage to Plaintiff for such orders. Resolution of the duties, responsibilities, and obligations of the parties is necessary as no full adequate remedy at law exists given the potential ongoing and cyclical nature of the pandemic and the damage that can occur with these orders, and a declaration of the Court is needed to resolve the dispute and controversy.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

**FOURTH CAUSE OF ACTION**

**(Violation of California Bus. & Prof. Code § 17200 Et Seq. against all Defendants)**

45. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

46. Section 17200 of the California Business & Professions Code ("Unfair Competition Law" or "UCL") prohibits any "unlawful," "unfair," and "fraudulent" business practice.

47. Section 17200 specifically prohibits any "***unlawful*** . . . business act or practice." Defendants have violated the UCL's prohibition against engaging in unlawful act or practice by, *inter alia*, denying Plaintiff's claim for coverage and such action violates California state laws.

48. By improperly denying Plaintiff's claim, Defendants violated California's Unfair Insurance Practice Acts (UIPA), codified as California Insurance Code Section 790.03(h), including but not limited to the following unfair claim practices:

a. Misrepresenting to Plaintiff pertinent facts or insurance policy provisions relating to any coverages at issue;

b. Issuing a boilerplate letter in record time and appearing to have pre-ordained a denial of claims as part of a systemwide campaign by Hartford Defendants to dissuade policyholders from even submitting claims; and

c. Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies, not spending time to carefully read the language of their own Policy and failing to identify and analyze what actually triggered the Civil Authority ordinances or orders in question.

49. It is also believed that Hartford Defendants are attempting to contract around California Insurance Code by attempting to enforce an unenforceable virus exclusion even before a claim was submitted and ultimately in contravention of a covered peril (i.e. the effects of a civil ordinance) which was the primary and proximate cause of Plaintiff's business losses to date. Hartford Defendants' conduct is therefore unlawful, and the exclusion clause unenforceable.

50. Section 17200 also prohibits any "***unfair*** . . . business act or practice." As described in the preceding paragraphs, Defendants engaged in the unfair business practice of denying business disruption insurance claims even though Defendants' policy language covers such losses and attempting to dissuade even the submission of the claims by disseminating false information about what the Policy covers.

51. Defendants' business practices, as detailed above, are unethical, oppressive, and unscrupulous. They violate fundamental policies of this State including the very policies underlying the Santa Clara Ordinance and State of California Order which aim to protect the general population and the County for a finite period of time but not cause unreasonable closure or business loss for businesses. Further, any justifications for Defendants' wrongful conduct are outweighed by the adverse effects of such conduct, which in this case is jeopardizing operations of a business that will play a critical role in recovery of the local economy by catalyzing the recovery and growth of startups. Thus, Defendants are engaged in unfair business practices prohibited by California Business & Professions Code §17200 et seq.

52. Section 17200 also prohibits any "***fraudulent business act or practice***." Defendants violated this prong of the UCL by disseminating and/or agreeing to disseminate, through Defendants' website and other promotional channels, misleading and partial statements about available business disruption or closure coverages that have a tendency to mislead the public, and also at the time they marketed their policies, misleading consumers to believe they would be insured for this kind of business interruption. Further, Defendants violated this prong of the UCL by omitting material information about business disruption coverages with the intent to induce reliance by consumers to not pursue such claims even though Defendants have an obligation to compensate them under their Policy. Defendants' claims, nondisclosures, and misleading statements concerning business closure coverage and/or lack thereof, as more fully set forth above, were false, misleading, and/or likely to deceive the

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

consuming public within the meaning of California Business and Professions Code §17200. They were and are intended to dissuade businesses from seeking coverage.

53. Section 17200 also prohibits any "unfair, deceptive, untrue, or misleading advertising." For the reasons set forth above, Defendants engaged in unfair, deceptive, untrue, and misleading advertising in violation of California Business & Professions Code § 17200.

54. Defendants' conduct caused and continues to cause substantial injury to Plaintiff. Plaintiff has suffered injury in fact and lost money as a result of Defendants' unfair conduct.

55. Additionally, pursuant to California Business and Professions Code § 17203, Plaintiff seeks an order requiring Defendants to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendants to pay the monies owed to Plaintiff.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. For general, compensatory damages, plus prejudgment interest and other damages according to proof;
2. For special and consequential damages;
3. For punitive and exemplary damages according to proof and as applicable under the law;
4. For restitutionary disgorgement of all profits Defendants obtained as a result of unlawful, unfair, and/or fraudulent business practices;
5. For an appropriate injunction;
6. For attorneys' fees and costs of suit herein;
7. For pre-judgment interest as provided for by applicable law; and
8. For such further relief as the Court may deem just and proper.

Respectfully submitted,

DATED: April 16, 2020

SANJIV N. SINGH, A PROFESSIONAL LAW CORPORATION

Sanjiv N. Singh, JD, MD
Attorneys for Founder Institute Incorporated

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Sanjiv N. Singh, Esq. [193525]
Sanjiv N. Singh, APLC
1650 South Amphlett Blvd. Suite 220 San Mateo CA 94402

TELEPHONE NO.: 650-389-2255 FAX NO. (Optional): private
ATTORNEY FOR (Name): Plaintiff FOUNDER INSTITUTE INCORPORATED

FOR COURT USE ONLY

**Electronically Filed by Superior Court of CA, County of Santa Clara, on 4/16/2020 8:21 PM Reviewed By: Y. Chavez Case #20CV366110 Envelope: 4260370**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 N. First Street San Jose CA 95113
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME: Civil Division

CASE NAME:
FOUNDER INSTITUTE INCORPORATED v. HARTFORD FIRE INSURANCE COMPANY

CASE NUMBER: 20CV366110

JUDGE:
DEPT.:

## CIVIL CASE COVER SHEET

[x] **Unlimited** (Amount demanded exceeds $25,000)
[ ] **Limited** (Amount demanded is $25,000)

## Complex Case Designation

[ ] Counter [ ] Joinder

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [x] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify)*: Four: Breach of Contract, Breach of Cov Good Faith Fair Dealing, Dec Relief, 17200
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 16 2020
Sanjiv N. Singh, Esq.
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

## NOTICE

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

ATTACHMENT CV-5012 Chavez

# CIVIL LAWSUIT NOTICE

***Superior Court of California, County of Santa Clara***
***191 North First St., San José, CA 95113***

CASE NUMBER: 20CV366110

20CV366110

**PLEASE READ THIS ENTIRE FORM**

***PLAINTIFF*** (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

***DEFENDANT*** (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

***RULES AND FORMS:*** You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

***CASE MANAGEMENT CONFERENCE (CMC):*** You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

***You or your attorney must appear at the CMC.** You may ask to appear by telephone – see Local Civil Rule 8.*

**Your Case Management Judge is:** Barrett, Thang N **Department:** ____________

**The 1st CMC is scheduled for:** (Completed by Clerk of Court)
**Date:** 08/18/2020 **Time:** 3:45pm in **Department:** 21

**The next CMC is scheduled for:** (Completed by party if the 1st CMC was continued or has passed)
**Date:** ____________ **Time:** ____________ in **Department:** ____________

***ALTERNATIVE DISPUTE RESOLUTION (ADR):*** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

***WARNING:*** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

Santa Clara – Civil

Y. Chavez

SANJIV N. SINGH, A PROFESSIONAL LAW CORPORATION
Sanjiv N. Singh (SBN 193525)
1650 S. Amphlett Blvd. Suite 220
San Mateo, CA 94402
Phone: (650) 389-2255
Email: ssingh@sanjivnsingh.com

**Electronically Filed by Superior Court of CA, County of Santa Clara, on 5/22/2020 4:50 PM
Reviewed By: Y. Chavez
Case #20CV366110
Envelope: 4373371**

Attorneys for Plaintiff FOUNDER INSTITUTE INCORPORATED

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SANTA CLARA**

**UNLIMITED JURISDICTION**

**FOUNDER INSTITUTE INCORPORATED, a California Corporation,**

**Plaintiff,**

**v.**

**HARTFORD FIRE INSURANCE COMPANY, a corporation doing business in California; SENTINEL INSURANCE COMPANY, LIMITED, a corporation doing business in California; and DOES 1 through 50, inclusive,**

**Defendants.**

**Case No.: 20CV366110**

**FIRST AMENDED COMPLAINT FOR:**

**1. BREACH OF CONTRACT;**
**2. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;**
**3. BAD FAITH DENIAL;**
**4. DECLARATORY RELIEF;**
**5. UNJUST ENRICHMENT;**
**6. UNFAIR COMPETITION UNDER BUS. & PROF. CODE § 17200 ET SEQ.;**
**7. INJUNCTIVE RELIEF UNDER BUS. & PROF. CODE § 17200 ET SEQ.**

**JURY TRIAL DEMANDED**

Plaintiff FOUNDER INSTITUTE INCORPORATED, a Delaware Corporation doing business in California brings this Complaint, alleging against HARTFORD FIRE INSURANCE COMPANY, a corporation, and SENTINEL INSURANCE COMPANY

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

LIMITED, a corporation, both doing business in California, and DOES 1 THROUGH 50, as follows:

**INTRODUCTION**

1. This is an insurance bad faith lawsuit brought by Plaintiff FOUNDER INSTITUTE, INCORPORATED, a Delaware Corporation that owns and operates a vital startup incubator in Palo Alto, California (hereinafter "Plaintiff" or "Founder") against HARTFORD FIRE INSURANCE COMPANY, a corporation, SENTINEL INSURANCE COMPANY, LIMITED, a corporation, and possible Does (collectively, "Defendants"). Plaintiff seeks damages stemming from Defendants' bad faith handling and denial of Plaintiff's claim for business income loss coverage. Plaintiff, in good faith, based on the language of its policy and for the reason many businesses bought insurance policies with business income interruption clauses, reasonably expected that Defendants would provide coverage during these unprecedented times for the loss of business income Plaintiff has suffered due to the stay-at-home ordinances effected statewide, including in Santa Clara County. Specifically, as a result of civil ordinances, Plaintiff's central operations or so called scheduled premises were shut down or severely reduced in operations, crippling its ability to coordinate events which it was responsible for running and managing and thereby crippling its revenue stream.

2. Defendants, meanwhile, not only have failed to provide the requested coverage, but have engaged in deceptive and unfair business practices to evade responsibility for doing so. At a moment in world history when insurance companies should be stepping up, Defendants appear to be hiding behind procedures and conduct that appear to be bad faith and motivated only by profit. In this case, Defendants pre-rejected the claim before it was even submitted.

**PARTIES**

3. At all relevant times, Plaintiff Founder Institute Incorporated was and is a Delaware corporation and is authorized to do business and doing business in the State

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

of California, County of Santa Clara. Plaintiff owns, operates, manages, and controls the startup incubator practice located in Palo Alto, California.

4. At all relevant times, Defendants Hartford Fire Insurance Company, a corporation, and Sentinel Insurance Company Limited, collectively ("HARTFORD DEFENDANTS") are doing business and maintaining regular offices in the State of California and doing business regularly in Santa Clara County. HARTFORD DEFENDANTS are conducting insurance business, including the marketing, sale and provision of business insurance policies and the process of handling claims, in the State of California and the basis of this suit arises out of such conduct.

5. Plaintiff does not know the true names and capacities, whether individual, associate, or otherwise, of Defendants DOES 1 through 50, and therefore designate those Defendants by such fictitious names. Each of the Defendants sued herein as a DOE is legally responsible in some manner for the events and happenings referred to herein and proximately caused the injuries suffered by the Plaintiff. DOES may include other underwriters, agents, or individuals who participated in decisions or ratified decisions that led to or constituted the bad faith denial and misconduct of Defendants outlined in this Complaint. Plaintiff will amend this Complaint accordingly to allege the true names and capacities of these DOE Defendants when/if the same becomes known to Plaintiff.

## JURISDICTION AND VENUE

6. Jurisdiction is proper pursuant to Cal. Code Civ. Proc. §§ 410.10, 410.50, and 1060.

7. Venue is proper in this Court because the acts and/or omissions complained of took place, in whole or in part, within Santa Clara County, California. Defendants conduct business extensively throughout California, marketing their insurance policies and selling their insurance policies to thousands of insured businesses and consumer businesses in California.

## GENERAL ALLEGATIONS

8. All allegations in this Complaint are based on information and belief and/or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

**The Founder Institute And Its Hartford Policy**

9. Plaintiff's business is a startup incubator in Palo Alto California. The Founder Institute is the world's largest pre-seed startup accelerator, with nationwide alumni that have built numerous companies that have provided employment and economic stimulus in cities across the nation. Its Palo Alto headquarters is the key to keeping its networking operations running and is the central headquarters from which the majority of their operations, events, and revenue generating activities are planned, conceived and coordinated.

10. At all relevant times, since 2011 Plaintiff has been a Hartford policyholder, currently insured under Hartford's business policy number 57 SBA BA76715 DX (the "Policy").

11. The Policy is currently in full effect, providing commercial business policy coverage including coverage for lost business income which occurs during the policy period, which is currently from July 22, 2019 through July 22, 2020.

12. Plaintiff faithfully paid policy premiums to Defendants, specifically to provide additional coverages including but not limited to loss of business income due to Civil Authority or civil ordinances. The policy expressly states: "In return for the payment of the premium and subject to all of the terms of this policy, we agree with you to provide insurance as stated in this policy."

13. Under the Policy, Civil Authority coverage appears to be provided for loss of income, and appears to be available both for a shorter period and for an extended period under certain conditions.

14. The Policy specifically extends coverage to business income and extra expense caused by Civil Authority action limiting access to Plaintiff's headquarters.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

**The COVID-19 Pandemic**

15. On or about December of 2019, the so-called pathogen SARS CoV-2 ("COVID-19") was first identified in humans in Wuhan, China.

16. As is now commonly known, in an unprecedented event that has not occurred in more than a century, a world pandemic of global proportions then ensued. By March 11, 2020, the World Health Organization officially recognized the pandemic. The virus has already claimed 23,604 lives in the United States, with a reported 581,679 confirmed cases in the United States as of April 13, 2020 at 5:55 pm. The ordinances described below were issued with multiple objectives to address a complex national crisis.

17. It is well recognized that the virus can be spread through person to person contacts like other viruses, and some experts believe that it may also be spread by people touching contaminated surfaces (so-called "fomites") and then their face.

18. On March 12, 2020, the Governor of the State of California Gavin Newsom banned gatherings over 250 people.

19. On March 16, 2020, the health departments of numerous counties, including San Francisco, San Mateo, Santa Cruz, and Santa Clara, announced, with the City of Berkeley, a legal order directing residents to shelter in place for three weeks beginning midnight March 17 to April 7. It was well recognized by all counties that part of the reason for the issuance of the orders was the need to reduce the person to person transmission of the virus and reduce the contamination of frequently contacted surfaces with the virus. Orders were then extended through May 3, 2020.

20. By March 19, 2020, the Governor of California issued a statewide stay at home order ("State of California Order") that would be in effect until further notice and is still in effect as this pandemic continues.

21. On April 29th, 2020, the Health Office of Santa Clara continued the shelter-in-place order to be in effect until May 31, 2020.

22. The Santa Clara Ordinance and State of California Order, in an unprecedented manner, required necessary measures to keep people at home and off the streets and out

of areas of public gatherings, and thereby crippled the major source of revenue for numerous businesses. As a direct and proximate result of this Order, access to businesses like Founder Institute have been specifically prohibited and it is thus not generally physically accessible to visitors, employees, partners, or clients.

**Rapid Denial of Founder Institute In Apparent Bad Faith**

23. In good faith, Founder Institute promptly notified Defendants on April 7, at 9:18AM , that they would be seeking claims for business loss due to the civil ordinances. Twenty four minutes (not hours) later, Defendants issued what appeared to be a cut and pasted pre denial from a Mimi Watson stating the following: "This is not a covered loss on your policy but, I have called the claim into Hartford and someone will contact you in a week or so. I understand your situation as we are all in this together." A portion of the email appeared as though the agent cut and pasted a screen shot of excerpt from a pre drafted denial letter and sent it out.

24. As of the date of filing of this Complaint Founder Institute has been told that its claim was denied but no denial letter has been produced. ***Instead, Defendants simply without notice designated Founder Institute's "Claim Status" as "Closed" and have failed to communicate with any meaningful analysis.***

25. On information and belief and based on actual communications, Defendants' conduct above was ratified, ordered, and encouraged by officers of Defendants in order to effect a strategy to rapidly deny, deflect, and minimize COVID-19 related claims and losses for Defendants. In fact, on information and belief, Plaintiff's counsel has learned that there are allegations that on or about March 17, 2020, members of the insurance industry are believed to have sent company wide emails to their claims offices which were then distributed to agents and representatives in different parts of California directing agents and representatives to spread the word that there was no coverage and dissuade businesses from submitting claims.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

## FIRST CAUSE OF ACTION

**(Breach of Contract by Plaintiff Against All Defendants)**

26. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

27. Plaintiff was insured under a valid insurance policy, the aforementioned and described Policy, issued by Defendants which was in effect on the date the loss occurred.

28. Plaintiff paid consideration in the form of premiums for Policy, and have faithfully performed all obligations required to be performed by them under the terms of the Policy, except to the extent performance may have been excused by, among other things, Defendants' bad faith conduct and breach of the insurance policy.

29. Defendants breached the terms of the contract by not providing requisite documentations required for submitting claims, by prematurely and without basis or reasonable good faith analysis denying and/or "closing" the claim without proper analysis or explanation, and by ultimately failing to pay and/or underpaying monies due under the contract and by forcing Plaintiff to file this action.

30. Plaintiff has demanded that Defendants pay, and Defendants have declined to pay, Plaintiff's claims for damages and losses of business income and additional expenses due to Civil Authority, specifically the issuance of the Santa Clara Ordinance and State of California Order which limited public access to Founder Institute.

31. As a direct, proximate, and legal result of Defendants' breach of contract, Plaintiff has been, and continues to be, damaged in an amount in excess of the jurisdictional limits of this Court, including but not limited to: damage suffered to their business caused by the loss of business income and additional expenses created by the Santa Clara Ordinance and State of California Order, the loss of benefits due under the contract, and consequential damages including interest on the monies Plaintiff could and should have received promptly, but which they did not receive in a timely manner as a result of Defendants' breach of the contract, as well as other fees, expenses, and costs to be proven at trial.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

32. Plaintiff has also sustained other economic losses as a direct, proximate, and legal result of Defendants' conduct, in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**

**(Breach of the Implied Covenant of Good Faith and Fair Dealing Against All Defendants)**

33. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

34. Plaintiff's insurance policy at issue in this action, the aforementioned Policy, contains an implied covenant of good faith and fair dealing, whereby Defendants, and each of them, agreed to perform their obligations under the Policy in good faith, to deal fairly with Plaintiff, and not to unreasonably deprive Plaintiff of the benefits due under the insurance policy.

35. Defendants tortiously breached the implied covenant of good faith and fair dealing arising from the insurance contract by unreasonably denying or withholding benefits due under the Policy, by failing to conduct fair and objective claims investigation and issuing preordained denials and pre-claim communications aimed to discourage claims, by failing to treat Plaintiff fairly and by other conduct, including but not limited to that expressly set forth in this Complaint, after accepting insurance premiums from Plaintiff. On information and belief, it appears from the pattern of pre-denial and cut and pasted communications by agents that Defendants were, and are, executing a directive to deny COVID-19 claims systematically.

36. Despite Plaintiff's request for coverage and demand for payment of the compensation for the business disruption caused by the Santa Clara Ordinance and State of California Order, Defendants denied coverage and blocked access to information and engaged in a continuous pattern of tortious conduct which has and will cause Plaintiff continued damages.

37. Defendants engaged and continue to engage in the course of conduct to further their own economic interest, including and in violation of their obligations to Plaintiff.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

This conduct includes, but is not limited to that conduct alleged in this Complaint and the following:

a. Failing to perform competent and/or complete investigation of the request for coverage;

b. Misrepresenting the content of the Policy to Plaintiff;

c. Deliberately, unjustifiably, and unreasonably denying coverage and hiding essential information in an effort to discourage Plaintiff from pursuing their full policy and benefits;

d. Refusing to pay any or adequate insurance benefits which a reasonable person would have believed Plaintiff was entitled to receive;

e. Failing to provide promptly a reasonable explanation of the basis relied on in the insurance policy, in relation to the facts or applicable law, for the denial of Plaintiff's claims, and instead providing a boilerplate, inapplicable explanation; and

f. Plaintiff is informed, believe and thereon alleges, that Defendants have breached their duties of good faith and fair dealing owed to Plaintiff by other acts or omissions of which Plaintiff is presently unaware and which will be shown according to proof at the time of trial.

38. Without any reasonable basis for doing so, and with full knowledge and/or conscious disregard of the consequences, Defendants have failed and refused to act in good faith or act fairly toward Plaintiff. Furthermore, Defendants have in bad faith failed and refused to perform their obligations under the insurance policy and under the laws of the State of California.

39. Defendants engaged in conduct that was malicious, fraudulent, and oppressive. Indeed, Defendants engaged in a scheme designed to quickly deny Plaintiff's claim. The Hartford Defendants unreasonably denied and/or "closed" Plaintiff's claim without investigating the actual cause of the loss and business interruption—i.e., the Civil Authority orders themselves and their multiple expressly stated policy objectives

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

including preventing overrun of the health system and the City, County and State concern for surface contamination and damage and person to person transmission.

40. As a direct, proximate, and legal result of said breaches of the covenants of good faith and fair dealing by Hartford, Plaintiff has been damaged and continues to incur each and every day substantial and foreseeable consequential and incidental damages, including loss of income and net profits and other expenses related to complying with the Santa Clara Ordinance and State of California Order, and other costs in an amount according to proof. Plaintiff was and will be forced to expend attorneys' fees and costs in pursuing relief to which they are entitled as a matter of law. Pursuant to *Brandt v. Superior Court* (1985) 37 Cal.3d 813, Plaintiff is entitled to attorneys' fees and costs reasonably incurred to compel the payment of benefits due under the insurance policies.

41. As a further direct, proximate and legal result of the wrongful conduct of Defendants, and each of them, Plaintiff has also sustained other economic damages, as set forth above, and other damages in an amount to be proven at trial.

42. On the basis of all of the facts alleged herein, Defendants' conduct and actions were despicable, done maliciously, oppressively, and fraudulently, with the intent to deprive Plaintiff of insurance benefits and to cause injury to Plaintiff. Defendants' conduct and actions were further done with a willful and conscious disregard of Plaintiff's rights, thereby subjecting Plaintiff to unjust hardship and distress in the midst of a global pandemic where Plaintiff will play a critical role in economic recovery of other businesses. Defendants, its officers, directors, and managing agents were personally involved in the decision-making process with respect to the misconduct alleged herein and to be proven at trial, as suggested already, even prior to discovery, by verbal and written communications showing the appearance of a pre-planned, rapid denial of COVID-19 claims.

43. Plaintiff alleges on information and belief that Defendants, through their representatives, officers, directors, and managing agents, authorized and ratified each and every act on which Plaintiff's allegations of punitive damages herein are based

upon. On that basis, pursuant to California Civil Code § 3294, Plaintiffs are entitled to an award of exemplary and punitive damages in an amount adequate to make an example of, and to punish and deter Defendants and each of them.

## THIRD CAUSE OF ACTION

**(Bad Faith Denial Against All Defendants)**

44. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

45. Defendants have in bad faith failed or refused to perform their obligations under the Policy and under the laws of California because Defendants have put their own interests above those of Plaintiff.

46. Defendants denied Plaintiff's claim in bad faith, among other things, when Defendants (a) failed or refused to perform a fair, objective, and thorough investigation of the claim as required by California Insurance Code; (b) raising coverage defenses that were factually and/or legally invalid, (c) improperly denying coverage by creating unduly restrictive claim interpretations on the terms of the Policy, and ultimately forcing Plaintiff to engage in litigation to recover the amounts due under the Policy.

47. On information and belief, Plaintiff alleges that there are numerous other individuals, business entities, and other groups insured by Defendants who were or are similarly situated by Plaintiff in that they were denied coverage using similar unlawful tactics used to deny Plaintiff's claim coverage. At such time as Plaintiff learn the names of such parties, Plaintiff may seek leave of court to join such persons as additional Plaintiff in this action.

48. Based on the foregoing allegations, Plaintiff alleges Defendants have committed institutional bad faith and that what Plaintiff experienced is not an isolated incident but rather a systematic and organized unfair practices perpetrated against Defendants' clients. The pattern of unfair practices constitutes intentional wrongful conduct that is institutionalized in Defendants' established company policy.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

49. As a proximate result of Defendants' bad faith conduct above, Plaintiff has suffered and will continue to suffer damages. These damages include interest on the withheld and unreasonably delayed payments due under the policy and other special economic and consequential damages, in an amount to be proven at trial.

50. Plaintiff was forced to retain legal counsel to obtain benefits due under its policy as a result of Defendant's bad faith conduct. As such, Plaintiff is entitled to recover from Defendants attorney fees and other reasonable costs of litigation incurred by Plaintiff in order to obtain the benefits of the policy.

51. On the basis of all of the facts alleged herein, Defendants' conduct and actions were despicable, done maliciously, oppressively, and fraudulently, with the intent to deprive Plaintiff of insurance benefits and to cause injury to Plaintiff. Defendants' conduct and actions were further done with a willful and conscious disregard of Plaintiff's rights, thereby subjecting Plaintiff to unjust hardship and distress in the midst of a global pandemic where Plaintiff is serving an essential and critical function. Defendants, its officers, directors, and managing agents were personally involved in the decision-making process with respect to the misconduct alleged herein and to be proven at trial, as suggested already, even prior to discovery, by verbal and written communications showing the appearance of a pre-planned, rapid denial of COVID-19 claims.

52. Plaintiff alleges on information and belief that Defendants, through their representatives, officers, directors, and managing agents, authorized and ratified each and every act on which Plaintiff's allegations of punitive damages herein are based upon. On that basis, pursuant to California Civil Code § 3294, Plaintiff is entitled to an award of exemplary and punitive damages in an amount adequate to make an example of, and to punish and deter Defendants and each of them.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

## FOURTH CAUSE OF ACTION

**(Declaratory Relief by Plaintiffs Against All Defendants)**

53. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein. Under California Code of Civil Procedure § 1060 et seq., the Court may declare rights, status, and other legal relations whether or not further relief is or could be claimed. It is also likely that the COVID-19 pandemic may trigger subsequent claims by Plaintiff under this Policy if the pandemic occurs in cycles, as has been predicted by some health experts.

54. An actual controversy has arisen between Plaintiff and Defendants as to the rights, duties, responsibilities, and obligations of the parties in that Plaintiff contends that and Defendants deny that : (1) the civic orders issued by the Government of State of California and the County of Santa Clara constitute a prohibition of access to Plaintiff's business or so-called described premises under the Policy; (2) the prohibition of access to the described premises by the various orders triggers the Civil Authority business income loss and additional expenses portion of the Policy; (3) said civic orders trigger coverage without applicable exclusion because the civil authorities in question were concerned for ongoing damage including possible fomite contamination occurring outside of the business; and (4) the Policy provides coverage to Plaintiff for such orders. Resolution of the duties, responsibilities, and obligations of the parties is necessary as no full adequate remedy at law exists given the potential ongoing and cyclical nature of the pandemic and the damage that can occur with these orders, and a declaration of the Court is needed to resolve the dispute and controversy.

## FIFTH CAUSE OF ACTION

**(Unjust Enrichment Against All Defendants)**

55. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

56. As set forth above, Plaintiff may lose the financial benefit of the amounts that Plaintiff has paid for those portions of the policy that were illegal, unfair, or deceptive because of Defendants' unlawful conduct.

57. Defendants were unjustly enriched at the expense of and to the detriment of Plaintiff because of their wrongful acts and omissions.

58. Specifically, Defendants were unjustly enriched when Defendants offered insurance coverages through their policy which purport and appear to provide coverages for loss of business income due to Civil Authority or civil ordinance, but instead Defendants refused to fulfill their financial obligation to Plaintiff and denied coverage in a rapid fashion without any evidence of properly conducting review or investigation to the claims, suggesting that Defendants have no intention to pay the insurance coverage owed to Plaintiff.

59. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages and is entitled to restitution in an amount to be proven at trial. Plaintiff seeks restitution from Defendant and seek an order from the Court to disgorge all monies paid to Defendants as a result of the unlawful, illegal, and/or fraudulent business practices.

60. Plaintiff has no adequate remedy at law.

## SIXTH CAUSE OF ACTION

**(Violation of California Bus. & Prof. Code § 17200 Et Seq. Against All Defendants)**

61. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

62. Section 17200 of the California Business & Professions Code ("Unfair Competition Law" or "UCL") prohibits any "unlawful," "unfair," and "fraudulent" business practice.

63. Section 17200 specifically prohibits any "***unlawful*** . . . business act or practice." Defendants have violated the UCL's prohibition against engaging in unlawful act or practice by, *inter alia*, denying Plaintiff's claim for coverage and such action violates California state laws.

64. By improperly denying Plaintiff's claim, Defendants violated California's Unfair Insurance Practice Acts (UIPA), codified as California Insurance Code Section 790.03(h), including but not limited to the following unfair claim practices:

a. Misrepresenting to Plaintiff pertinent facts or insurance policy provisions relating to any coverages at issue;

b. Issuing a boilerplate letter in record time and appearing to have pre-ordained a denial of claims as part of a systemwide campaign by Hartford Defendants to dissuade policyholders from even submitting claims; and

c. Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies, not spending time to carefully read the language of their own Policy and failing to identify and analyze what actually triggered the Civil Authority ordinances or orders in question.

65. It is also believed that Hartford Defendants are attempting to contract around California Insurance Code by attempting to enforce an unenforceable virus exclusion even before a claim was submitted and ultimately in contravention of a covered peril (i.e. the effects of a civil ordinance) which was the primary and proximate cause of Plaintiff's business losses to date. Hartford Defendants' conduct is therefore unlawful, and the exclusion clause unenforceable.

66. Section 17200 also prohibits any "***unfair*** . . . business act or practice." As described in the preceding paragraphs, Defendants engaged in the unfair business practice of denying business disruption insurance claims even though Defendants' policy language covers such losses and attempting to dissuade even the submission of the claims by disseminating false information about what the Policy covers.

67. Defendants' business practices, as detailed above, are unethical, oppressive, and unscrupulous. They violate fundamental policies of this State including the very policies underlying the Santa Clara Ordinance and State of California Order which aim to protect the general population and the County for a finite period of time but not cause unreasonable closure or business loss for businesses. Further, any justifications for

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

Defendants' wrongful conduct are outweighed by the adverse effects of such conduct, which in this case is jeopardizing operations of a business that will play a critical role in recovery of the local economy by catalyzing the recovery and growth of startups. Thus, Defendants are engaged in unfair business practices prohibited by California Business & Professions Code §17200 et seq.

68. Section 17200 also prohibits any "***fraudulent business act or practice.***" Defendants violated this prong of the UCL by disseminating and/or agreeing to disseminate, through Defendants' website and other promotional channels, misleading and partial statements about available business disruption or closure coverages that have a tendency to mislead the public, and also at the time they marketed their policies, misleading consumers to believe they would be insured for this kind of business interruption. Further, Defendants violated this prong of the UCL by omitting material information about business disruption coverages with the intent to induce reliance by consumers to not pursue such claims even though Defendants have an obligation to compensate them under their Policy. Defendants' claims, nondisclosures, and misleading statements concerning business closure coverage and/or lack thereof, as more fully set forth above, were false, misleading, and/or likely to deceive the consuming public within the meaning of California Business and Professions Code §17200. They were and are intended to dissuade businesses from seeking coverage.

69. Section 17200 also prohibits any "unfair, deceptive, untrue, or misleading advertising." For the reasons set forth above, Defendants engaged in unfair, deceptive, untrue, and misleading advertising in violation of California Business & Professions Code § 17200.

70. Defendants' conduct caused and continues to cause substantial injury to Plaintiff. Plaintiff has suffered injury in fact and lost money as a result of Defendants' unfair conduct.

71. Additionally, pursuant to California Business and Professions Code § 17203, Plaintiff seeks an order requiring Defendants to immediately cease such acts of

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

unlawful, unfair, and fraudulent business practices and requiring Defendants to pay the monies owed to Plaintiff.

**SEVENTH CAUSE OF ACTION**

**(Injunctive Relief Under Bus. & Prof. Code § 17200 Et Seq. Against All Defendants)**

72. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

73. Upon information and belief, Plaintiff alleges that unless enjoined by the order of the Court, Defendants will continue their unlawful practices of denying coverages to policyholders with legitimate claims just like Plaintiff who are literally trying to survive by the day due to the COVID-19 global pandemic emergency. No adequate remedy exists at law for the injuries alleged herein, and Plaintiff will suffer great and irreparable injury if Defendant's conduct is not immediately enjoined and restrained.

74. Defendants wrongfully denied Plaintiff's insurance claim without any conducting a proper claim review and investigation, and likely doing so to avoid their financial obligations to Plaintiff and their policyholders. Given the uncertainty of when the pandemic emergency can truly end and the likely continued effect of the closure orders, it is foreseeable for Plaintiff to have similar and additional insurance claims in the future, and Defendants could use similar tactics to deny coverage to Plaintiff similar to the situation led to this instant action. If Defendants' conduct is not restrained or enjoined, Plaintiff will suffer great and irreparable harm, as it has already paid the premium due for the insurance policy, and Defendants seem committed to continuing their unlawful practices of erroneously denying claims and will likely continue to do so without an injunction from the Court.

75. Plaintiff has no adequate remedy at law for the threatened injury.

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. For general, compensatory damages, plus prejudgment interest and other damages according to proof;
2. For special and consequential damages;
3. For punitive and exemplary damages according to proof and as applicable under the law;
4. For restitutionary disgorgement of all profits Defendants obtained as a result of unlawful, unfair, and/or fraudulent business practices;
5. For an appropriate injunction;
6. For attorneys' fees and costs of suit herein;
7. For pre-judgment interest as provided for by applicable law; and
8. For such further relief as the Court may deem just and proper.

Respectfully submitted,

DATED: May 22, 2020

SANJIV N. SINGH, A PROFESSIONAL LAW CORPORATION

Sanjiv N. Singh, JD, MD
Attorneys for Founder Institute Incorporated

Reviewed By: Y. Chavez
on 5/22/2020 4:50 PM Y. Chavez
Envelope: 4373371

SANJIV N. SINGH, A PROFESSIONAL LAW CORPORATION
Sanjiv N. Singh (SBN 193525)
1650 S. Amphlett Blvd. Suite 220
San Mateo, CA 94402
Phone: (650) 389-2255
Email: ssingh@sanjivnsingh.com

Attorneys for Plaintiff Founder Institute Incorporated

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SANTA CLARA**

**UNLIMITED JURISDICTION**

**FOUNDER INSTITUTE INCORPORATED, a Delaware Corporation,**

**Plaintiff,**

**v.**

**HARTFORD FIRE INSURANCE COMPANY, a corporation doing business in California; SENTINEL INSURANCE COMPANY, LIMITED, a corporation doing business in California; and DOES 1 through 50, inclusive,**

**Defendants.**

**Case No.: 20CV366110**

**PLAINTIFF'S JURY FEES DEPOSIT FOR FIRST DAY OF TRIAL**

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

SANJIV N. SINGH
A PROFESSIONAL LAW CORPORATION
1650 S. AMPHLETT BLVD. SUITE 220
SAN MATEO, CA 94402

TO CLERK OF THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Founder Institute Incorporated hereby deposit the advance jury fees in the amount of One-Hundred and Fifty Dollars ($150.00) pursuant to Code of Civil Procedure § 631.

Respectfully submitted,

DATED: May 22, 2020

SANJIV N. SINGH, A PROFESSIONAL LAW CORPORATION

Sanjiv N. Singh, JD, MD
Attorneys for Plaintiff Founder Institute Incorporated

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

***What is ADR?***
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

***What are the advantages of choosing ADR instead of litigation?***
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.
- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.
- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.
- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.
- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

***What are the main forms of ADR offered by the Court?***
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:

- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:

- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:

- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:

- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

***What kind of disputes can be resolved by ADR?***
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

***Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?***

***Contact:***
Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2784