**STEPTOE & JOHNSON LLP**
Anthony J. Anscombe
State Bar No. 135883
aanscombe@steptoe.com
1 Market Plaza, Spear Tower, Suite 3900
San Francisco, CA 94105
Telephone:    (415) 365-6700
Facsimile:    (415) 365-6699

**STEPTOE & JOHNSON LLP**
Sarah D. Gordon, *pro hac vice forthcoming*
sgordon@steptoe.com
1330 Connecticut Ave NW
Washington, DC 20036
Telephone:    (202) 429-8005
Facsimile:    (202) 429-3902

**STEPTOE & JOHNSON LLP**
Melanie A. Ayerh, State Bar No. 303211
mayerh@steptoe.com
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071-3033
Telephone: (213) 439-9432
Facsimile: (213) 439-9599

*Attorneys for Defendants,*
HARTFORD FIRE INSURANCE COMPANY and
SENTINEL INSURANCE COMPANY, LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOUNDER INSTITUTE INCORPORATED, a Delaware Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> HARTFORD FIRE INSURANCE COMPANY, a corporation doing business in California; SENTINEL INSURANCE COMPANY, LIMITED, a corporation doing business in California; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.: 3:20-cv-04466-VC <br><br> **HARTFORD FIRE INSURANCE COMPANY'S RULE 12(b) MOTION TO DISMISS** <br><br> **[Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(6)]** <br><br> Date:    October 15, 2020 <br> Time:    10:00 a.m. <br> Courtroom:  4 <br> Judge:   Honorable Vince Chhabria |

## <u>NOTICE OF MOTION AND MOTION TO DISMISS</u>

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 15, 2020 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 4 of the United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, the Honorable Vince Chhabria presiding, Defendant Hartford Fire Insurance Company ("HFIC") will, and hereby does, move the Court, pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure, for an order that dismisses all claims asserted against HFIC by Founder Institute Incorporated ("Plaintiff" or "Founder"): (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) bad faith denial, (4) declaratory relief; (5) unjust enrichment; (6) violation of California Business & Professions Code § 17200 et. seq.; and (7) injunctive relief under Cal. Bus. & Prof. Code § 17200.

Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6), HFIC moves to dismiss Plaintiff's Complaint for lack of Article III standing, lack of personal jurisdiction, and failure to state a claim upon which relief may be granted. The grounds for this motion are set forth in the accompanying memorandum of points and authorities.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below and the accompanying Exhibit A, the Declaration of Megan Janeiro in Support of HFIC's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2), any reply HFIC may make, the pleadings and records in this action, and any other such matters, evidence, and arguments as may be presented at or prior to the hearing.

///
///
///
///
///
///

Dated: July 27, 2020

Respectfully submitted by,


/s/ Anthony J. Anscombe
Anthony J. Anscombe

**STEPTOE & JOHNSON LLP**

Anthony Anscombe, State Bar No. 135883
aanscombe@steptoe.com
1 Market Street
Steuart Tower, Suite 1800
San Francisco, CA 94015
Tel: (415)-365 6700

Sarah D. Gordon (*pro hac vice forthcoming*)
sgordon@steptoe.com
1330 Connecticut Ave NW
Washington, DC 20036
Telephone:     (202) 429-8005
Facsimile:      (202) 429-3902

Melanie A. Ayerh State Bar No. 303211
mayerh@steptoe.com
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071-3033
Telephone: (213) 439-9432
Facsimile: (213) 439-9599

*Hartford Fire Insurance Company and*
*Sentinel Insurance Company, Limited*

HARTFORD FIRE INSURANCE COMPANY'S MOTION TO DISMISS

# TABLE OF CONTENTS

**Page(s)**

STATEMENT OF THE ISSUES TO BE DECIDED........................................................1

MEMORANDUM OF POINTS AND AUTHORITIES .................................................1

I.    INTRODUCTION .................................................................................................1

II.   STATEMENT OF FACTS ....................................................................................2

III.  LEGAL STANDARDS .........................................................................................3

IV.   LEGAL ARGUMENT ..........................................................................................5

   A.   Plaintiff's Undifferentiated Allegations About "Hartford Defendants" or "Defendants"
        Violate Standards of Notice Pleading. ...........................................................5

   B.   Plaintiff Lacks Article III Standing To Sue HFSG ........................................6

   C.   There Is No Personal Jurisdiction Over HFIC ...............................................7

   D.   The Absence of a Contract Between HFIC And Plaintiff Is Fatal To The Claims Against
        HFIC ...............................................................................................................10

      1.   Plaintiff's First, Second, and Third Causes of Action Fail Against HFIC Because
           HFIC Has No Contractual Relationship to Plaintiff ................................10

      2.   Plaintiff's Fourth and Seventh Causes of Action Fail Against HFIC .......12

      3.   Plaintiff's Sixth Cause of Action (UCL) Fails Against HFIC . .................12

      4.   Plaintiff's Fifth Cause of Action Fails Against HFIC .............................13

V.    CONCLUSION...................................................................................................14

HARTFORD FIRE INSURANCE COMPANY'S MOTION TO DISMISS

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adobe Sys. Inc. v. Blue Source Grp., Inc.*,
125 F. Supp. 3d 945 (N.D. Cal. 2015) ...................................................................5

*Allen v. Wright*,
468 U.S. 737 (1984) ...............................................................................................6

*Apple Inc. v. Allan & Assocs. Ltd.*,
No. 5:19-CV-8372-EJD, 2020 WL 1492665 (N.D. Cal. Mar. 27, 2020) ...............4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...............................................................................................4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ...............................................................................................4

*Berryman v. Merit Prop. Mgmt., Inc.*,
152 Cal. App. 4th 1544 (Cal. App. 2007) ............................................................12

*BNSF Ry. Co. v. Tyrrell*,
137 S. Ct. 1549 (2017) ...........................................................................................8

*Bristol-Myers Squib Co. v. Superior Court of Cal.*,
137 S. Ct. 1773 (2017) ......................................................................................8, 9

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) ...............................................................................................9

*Cahen v. Toyota Motor Corp.*,
147 F. Supp. 3d 955 (N.D. Cal. 2015) ...................................................................8

*Carolina Cas. Ins. Co. v. Lanahan & Reilley, LLP*,
No. C 10-04108, 2011 WL 3741004 (N.D. Cal. Aug. 25, 2011) .........................10

*Caruth v. Int'l Psychoanalytical Ass'n*,
59 F.3d 126 (9th Cir. 1995) ...................................................................................4

*Cetacean Cmty. v. Bush*,
386 F.3d 1169 (9th Cir. 2004) ...............................................................................3

*Chaichian v. Hartford Fin. Servs. Grp., Inc.*,
No. 1:16-CV-01026, 2016 WL 4480038, at *2 (W.D. Ark. Aug. 3, 2016),
report and recommendation adopted, No. 16-CV-1026, 2016 WL 4467910
(W.D. Ark. Aug. 23, 2016) ...................................................................................11

*Clemens v. Am. Warranty Corp.*,
    193 Cal. App. 3d 444 (Cal. Ct. App. 1987) ......................................................11

*Corcoran v. CVS Health Corp.*,
    169 F.Supp.3d 970 (N.D. Cal. 2016) ...............................................................8

*Coto Settlement v. Eisenberg*,
    593 F.3d 1031 (9th Cir. 2010) ..........................................................................5

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014).................................................................................7, 8, 9

*DaimlerChrysler Corp. v. Cuno*,
    547 U.S. 332 (2006) .........................................................................................6

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*,
    557 F.2d 1280 (9th Cir. 1977) ..........................................................................4

*Easter v. Am. W. Fin.*,
    381 F.3d 948 (9th Cir. 2004) ............................................................................7

*Energy 2001 v. Pac. Ins. Co. Ltd.*,
    No. 2:10-CV-0415-JAM-KJN, 2011 WL 837124 (E.D. Cal. Mar. 8, 2011) ......7

*Engel v. Hartford Ins. Co. of the Midwest*,
    No. 2:11-CV-01103-RCJ-PAL, 2012 WL 275200 (D. Nev. Jan. 31, 2012) ........11

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
    528 U.S. 167 (2000).........................................................................................3

*Gauthier v. Twin City Fire Ins. Co.*,
    No. 2:14-CV-00693, 2015 WL 12030498 (W.D. Wash. July 15, 2015)............6

*Gauvin v. Trombatore*,
    682 F. Supp. 1067 (N.D. Cal. 1988) .................................................................5

*Gen-Probe, Inc. v. Amoco Corp. Inc.*,
    926 F. Supp. 948 (S.D. Cal. 1996)....................................................................5

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011).........................................................................................7

*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*,
    328 F.3d 1122 (9th Cir.2003) ..........................................................................3

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945).........................................................................................4

HARTFORD FIRE INSURANCE COMPANY'S MOTION TO DISMISS

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ...................................................................................4, 12

*Korea Supply Co. v. Lockheed Martin Corp.*,
  29 Cal. 4th 1134 (Cal. 2003) .............................................................................................13

*Lloyd v. Sjoblom*,
  No. C-14-0234 JSC, 2014 WL 1573061 (N.D. Cal. Apr. 17, 2014) .....................................12

*LV Diagnostics, LLC v. Hartford Fin. Servs. Grp., Inc.*,
  No. 2:17-CV-1371 JCM (PAL), 2018 WL 651327 (D. Nev. Jan. 31, 2018) ........................11

*Martinez v. Aero Caribbean*,
  764 F.3d 1062 (9th Cir. 2014) ..............................................................................................8

*Mid-Valley Oral, Maxillofacial & Implant Surgery, P.C. v. Sentinel Ins. Co., Ltd*,
  No. 6:18-CV- 01068-JR, 2018 WL 4658708 (D. Or. Aug. 27, 2018), *report
  and recommendation adopted sub nom.* No. 6:18-CV-01068-MK, 2018 WL
  4658830 (D. Or. Sept. 27, 2018)...........................................................................................5

*Minn. Mut. Life Ins. Co. v. Ensley*,
  174 F.3d 977 (9th Cir. 1999) ...............................................................................................11

*Monaco v. Liberty Life Assur. Co.*,
  No. C06-07021 MJJ, 2007 WL 420139 (N.D. Cal. Feb. 6, 2007)........................................10

*NBL Flooring, Inc. v. Trumbull Ins. Co.*,
  No. CIV.A. 10-4398, 2014 WL 317880 (E.D. Pa. Jan. 28, 2014) ........................................11

*Ochoa v. J.B. Martin & Sons Farms, Inc.*,
  287 F.3d 1182 (9th Cir. 2002) ...............................................................................................3

*Peterson v. Cellco Partnership*,
  164 Cal. App. 4th 1583 (2008) ............................................................................................13

*Picot v. Weston*,
  780 F.3d 1206 (9th Cir. 2015) ...............................................................................................9

*Rosenfeld v. JPMorgan Chase Bank, N.A.*,
  732 F. Supp. 2d 952 (N.D. Cal. 2010) .................................................................................12

*Salido v. Allstate Ins. Co.*,
  No. C 98-04616 CRB, 1999 WL 977944 (N.D. Cal. Oct. 21, 1999)....................................10

*Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty.*,
  343 F.3d 1036 (9th Cir. 2003) ...............................................................................................4

HARTFORD FIRE INSURANCE COMPANY'S MOTION TO DISMISS

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ..............................................................................3, 4, 8, 9

*Societe D'equipments Internationaux Nigeria, Ltd. v. Dolarian Capital, Inc.*,
   No. 1:15-cv-01553-GEB-SKO, 2016 WL 128464 (E.D. Cal. Jan. 12, 2016),
   *report and recommendation adopted*, Case No. 1:15-CV-01553-GEB-SKO,
   2016 WL 632731 (E.D. Cal. Feb. 17, 2016) ...........................................................................7

*Spokeo, Inc. v. Robins*,
   136 S. Ct. 1540 (2016), *as revised* (May 24, 2016) ............................................................6

*Steel Co. v. Citizens for a Better Environment*,
   523 U.S. 83 (1998) ...............................................................................................................3

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ...............................................................................................5

*Sybersounds Records, Inc. v. UAV Corp.*,
   517 F.3d 1137 (9th Cir. 2008) ...........................................................................................13

*United Computer Sys, Inc. v. AT&T Corp.*,
   298 F.3d 756 (9th Cir. 2002) .............................................................................................11

*Vogel v. Travelers Casualty Ins. Co. of Am.*,
   No. SACV-17-00612 AG (JDEx), 2017 WL 5642302
   (C.D. Cal. May 18, 2017) .....................................................................................................7

*Walden v. Fiore*,
   571 U.S. 277 (2014) .............................................................................................................9

*Warth v. Seldin*,
   422 U.S. 490 (1975) .............................................................................................................6

*Winkler v. Hartford Fin. Servs. Grp.*,
   No. 2:10-cv-02222-RLH-LRL, 2011 WL 1705559 (D. Nev. May 3, 2011) ......................12

*Wright v. Allstate Ins. Co. of Cal.*,
   No. 15-CV-01020-SI, 2015 WL 1548949 (N.D. Cal. Apr. 7, 2015) .....................................10

**Statutes**

Cal. Bus. & Prof. Code § 17200 et. seq. ....................................................................2, 12, 13

Cal. Civ. Proc. Code § 1060 .........................................................................................12

Fed. R. Civ. P. 8 ..............................................................................................................4

Fed. R. Civ. P. 8(a) ..........................................................................................................5

HARTFORD FIRE INSURANCE COMPANY'S MOTION TO DISMISS

Fed. R. Civ. P. 8(a)(2)...................................................................................................4, 5

Fed. R. Civ. P. 9(b) ......................................................................................................4, 5

Fed. R. Civ. P. 12(b)(1)............................................................................................1, 3, 7

Fed. R. Civ. P. 12(b)(2)............................................................................................1, 9

Fed. R. Civ. P. 12(b)(6)............................................................................................1, 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HARTFORD FIRE INSURANCE COMPANY'S MOTION TO DISMISS

## STATEMENT OF THE ISSUES TO BE DECIDED

1.      Does Plaintiff have Article III standing to sue Hartford Fire Insurance Company ("HFIC") where there is no injury fairly traceable to HFIC's conduct?

2.      Does the Court have personal jurisdiction over HFIC where HFIC is not at "at home" in California and where the relevant Insurance Policy does not reveal case-specific ties to the State of California?

3.      Has Plaintiff set out a plausible claim against HFIC where HFIC has no contractual relationship to Plaintiff, and Plaintiff has not identified any wrongful conduct specific to HFIC?

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Founder Institute Incorporated seeks to recover from its insurer, Sentinel Insurance Company, Ltd. ("Sentinel"), for economic loss allegedly caused by the COVID-19 pandemic and resulting government closure orders.  Founder has also sued Hartford Fire Insurance Company ("HFIC"), which did not issue any insurance policy to Founder.

HFIC respectfully requests that this Court dismiss Plaintiff's First Amended Complaint ("FAC") pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6).[1]  The claims against HFIC fail for a fundamental reason: it is not a party to Founder's insurance contract.  First, Plaintiff lacks Article III standing to sue HFIC with respect to this dispute as it has no injury fairly traceable to HFIC.  Second, the Court does not have personal jurisdiction over HFIC.  HFIC is not "at home" in California so as to permit the exercise of general jurisdiction, while the relevant insurance Policy demonstrates that the case specific insurance obligations belong to Sentinel, not HFIC.  Third, HFIC has no contractual obligations under the insurance Policy because it is not a party to the contract.  HFIC cannot breach obligations it does not have.  Simply put, Founder has not articulated a basis for liability as to HFIC.

---

[1] In the event that this motion is not fully dispositive of the FAC as to HFIC, HFIC joins in the 12(b)(6) filed on today's date by Sentinel Insurance Company, Ltd.

## II.   STATEMENT OF FACTS

Sentinel issued to Founder a "Spectrum" Business Owner's Policy No. 57 SBA BA6715 DX[2] (the "Policy") for the policy term from July 22, 2019 to July 22, 2020.  *See* FAC. ¶ 10; Exhibit A (Policy).  Founder seeks to recover from HFIC and Sentinel under the Policy for alleged losses caused by the COVID-19 pandemic.  However, Sentinel was the only entity that issued this Policy.  The very first page of the Policy makes clear that the "Writing Company" is "Sentinel Insurance Company, Limited" and the declarations page likewise lists the insurer as "Sentinel Insurance Company Ltd."  *See* Ex. A at pp. 2, 13[3] (Form SS 00 02 12 06, at p. 1.)

Plaintiff alleges that, as a result of the COVID-19 pandemic, on March 16, 2020, the health departments of numerous counties including Santa Clara announced a "legal order directing residents to shelter in place for three weeks beginning midnight March 17 to April 7." FAC at ¶19. "By March 19, 2020, the Governor of California issued a statewide stay at home order that would be in effect until further notice and is still in effect as this pandemic continues." *Id*. at ¶20.  As a result of the shelter in place orders, Plaintiff claims that its businesses "were shut down or severely reduced in operations, crippling its revenue stream." *Id*. at ¶1.

The FAC alleges seven causes of action against Sentinel and HFIC: (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) bad faith denial, (4) declaratory relief; (5) unjust enrichment; (6) violation of California Business & Professions Code § 17200 et. seq. ("UCL"); and (7) injunctive relief under the UCL. *See generally* FAC.  Founder does not allege any contractual relationship, or business dealings, with HFIC.

While Founder recognizes Sentinel and HFIC are distinct corporate entities, *see* FAC at ¶¶ 1, 4, the Complaint nonetheless lumps Sentinel and HFIC together under "Defendants" or sometimes "Hartford," "the Hartford," or "the Hartford Defendants."  The Complaint does not allege the existence of any specific corporate entity known as "Hartford" or "The Hartford." Those are simply terms Founder has chosen to utilize.  Without specificity, Founder alleges that the Hartford Defendants are in the business of "conducting insurance business, including the

---

[2] The Complaint misstates the policy number as "57 SBA BA76715 DX". *See* FAC ¶ 10.
[3] Policy page citations correspond to ECF page numbers.

HARTFORD FIRE INSURANCE COMPANY'S MOTION TO DISMISS

marketing, sale and provision of business insurance policies and the process of handling claims, in the State of California..." FAC. ¶ 4. The Complaint further alleges that "Defendants conduct business extensively throughout California, marketing their insurance policies and selling insurance policies to thousands of insured businesses and consumer businesses in California." *Id*. ¶ 7.

The Complaint does not contain a single allegation of specific conduct by HFIC with respect to Founder.

### III. <u>LEGAL STANDARDS</u>

Before the Court addresses the merits of this case, it must first be assured that it has subject matter jurisdiction over this dispute. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). Plaintiff bears the burden to plead facts showing "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167 (2000)). "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit," and "the suit [must be] dismissed under Rule 12(b)(1)." *Id.* (internal citations omitted).

To establish personal jurisdiction over HFIC, Plaintiff bears the burden of demonstrating that jurisdiction is appropriate. *See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128-29 (9th Cir.2003). Plaintiff's obligation is to make a *prima facie* showing that the requirements of California's long-arm statute and due process are met. *See Ochoa v. J.B. Martin & Sons Farms, Inc.*, 287 F.3d 1182, 1187 (9th Cir. 2002); *see also Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004) ("Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same."). "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum

contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger*, 374 F.3d at 801 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). To meet its burden, Plaintiff must base its claims on its pleadings or affidavits that support jurisdiction over HFIC. *See Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 127-28 (9th Cir. 1995) (Courts "only inquire into whether [plaintiff's] pleadings and affidavits make a *prima facie* showing of personal jurisdiction.").

In deciding a 12(b)(1) or 12(b)(2) motion, courts may consider evidence presented in affidavits and declarations. *See Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (finding proper the district court's consideration of affidavits furnished by both parties in evaluating the 12(b)(1) motion to dismiss); *Apple Inc. v. Allan & Assocs. Ltd.*, No. 5:19-CV-8372-EJD, 2020 WL 1492665, at *2 (N.D. Cal. Mar. 27, 2020) ("The Court may consider evidence presented in affidavits and declarations in determining personal jurisdiction" under a 12(b)(2) motion.) (citing *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977)). Therefore, the Court may consider the evidence presented in the Declaration of Megan Janeiro in Support of HFIC's Motion to Dismiss in deciding HFIC's Motion to Dismiss under 12(b)(1) and 12(b)(2).

The Court may dismiss Plaintiff's claims for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. However, in alleging fraud, "a party must state with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b). *See, e.g., Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). To survive a motion to dismiss, Plaintiff's Complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*,

HARTFORD FIRE INSURANCE COMPANY'S MOTION TO DISMISS

556 U.S. at 678 (internal citations omitted).

A court may properly consider documents attached to a motion to dismiss without converting the motion into one for summary judgment, as long as there are no disputed issues as to the document's relevance and its authenticity is not challenged. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). As such, this Court can consider the Policy because the Complaint "necessarily relies upon" the Policy and the contents of the Policy are alleged in the Complaint. *Id.*

## IV.   LEGAL ARGUMENT

### A.   Plaintiff's Undifferentiated Allegations About "Hartford Defendants" or "Defendants" Violate Standards of Notice Pleading.

As a preliminary matter, Plaintiff improperly lumps HFIC and Sentinel under common monikers such as "Defendants." HFIC and Sentinel are distinct corporate entities and only one of them (Sentinel) issued the Policy at issue. The Complaint is devoid of any allegations as to conduct of HFIC specifically. That alone warrants dismissal of the claims against HFIC.

Plaintiff's imprecise pleading violates the requirements of Fed. R. Civ. P. 8(a) and 9(b). *See Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (For fraud-based claims, the heightened pleading standard "does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant … and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.") (internal citation and quotations omitted); *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015) (quoting *Gen-Probe, Inc. v. Amoco Corp. Inc.*, 926 F. Supp. 948, 961 (S.D. Cal. 1996)) ("[A] complaint which 'lump[s] together … multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2).'"); *see also Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (failure to state a claim where "all defendants [were] lumped together in a single, broad allegation" because allegations failed to "put defendants on sufficient notice of the allegations against them").

HFIC and other Hartford entities are regularly dismissed where parties assert undifferentiated allegations against them. *See, e.g.*, *Mid-Valley Oral, Maxillofacial & Implant*

*Surgery, P.C. v. Sentinel Ins. Co., Ltd*, No. 6:18-CV- 01068-JR, 2018 WL 4658708, at *2 (D. Or. Aug. 27, 2018), *report and recommendation adopted sub nom*. No. 6:18-CV-01068-MK, 2018 WL 4658830 (D. Or. Sept. 27, 2018) (finding no substantive allegations where "the complaint confirms that the underlying contract was issued exclusively by Sentinel, and contains no specific allegations as to either Hartford Fire or Hartford Financial"); *Gauthier v. Twin City Fire Ins. Co.*, No. 2:14-CV-00693, 2015 WL 12030498, at *3 (W.D. Wash. July 15, 2015) (dismissing claims against Hartford Financial where Plaintiffs' conflation of Twin City and HFSG makes "it impossible for the Court to determine what allegations are being made against one, the other, or both Defendants").

### B.     <u>Plaintiff Lacks Article III Standing To Sue HFSG</u>

Because Founder lacks contractual privity with HFIC, it also lacks Article III standing to sue HFIC because there is no injury that is fairly traceable to the challenged action of HFIC.

In *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332 (2006), the Supreme Court observed that its "standing cases confirm that a plaintiff must demonstrate standing for each claim he seeks to press." *Id.* at 352. "The standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *Allen v. Wright*, 468 U.S. 737, 752 (1984) (emphasis added).

The Supreme Court has held that Article III standing has three separate requirements. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016). The "irreducible constitutional minimum" of standing consists of three elements: "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (internal citations omitted); *see also Warth v. Seldin*, 422 U.S. 490, 498–99, 95 (1975) (The "minimum constitutional mandate" is that a "federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered some threatened or actual injury resulting from the putatively illegal action.") (internal citations omitted).

Courts applying California law have long observed that a plaintiff cannot pursue contract based claims in federal court against entities with which it has no contractual relationship.

*Easter v. Am. W. Fin.*, 381 F.3d 948, 962 (9th Cir. 2004) (finding no standing for borrowers in class action for claims against defendants who never issued a loan to a named plaintiff); *Societe D'equipments Internationaux Nigeria, Ltd. v. Dolarian Capital, Inc.*, No. 1:15-cv-01553-GEB-SKO, 2016 WL 128464, at *5 (E.D. Cal. Jan. 12, 2016), *report and recommendation adopted*, Case No. 1:15-CV-01553-GEB-SKO, 2016 WL 632731 (E.D. Cal. Feb. 17, 2016) (recommending dismissal of counterclaim warranted under Rule 12(b)(1) because non-party to contract could not sue to enforce its terms); *Vogel v. Travelers Casualty Ins. Co. of Am.*, No. SACV-17-00612 AG (JDEx), 2017 WL 5642302 (C.D. Cal. May 18, 2017) (dismissing for lack of standing because claims in the complaint were tied to the policy in which a plaintiff's name was "nowhere to be found"); *Energy 2001 v. Pac. Ins. Co. Ltd.*, No. 2:10-CV-0415-JAM-KJN, 2011 WL 837124, at *2 (E.D. Cal. Mar. 8, 2011) (finding dismissal under Rule 12(b)(1) appropriate where a person or entity that is not a party to the contract tries to enforce it or to recover extra contractual damages for wrongful withholding of benefits).

Here, Plaintiff cannot demonstrate that it has any injury fairly traceable to the conduct of HFIC. Plaintiff has no contract with HFIC and has not alleged any other harm attributable to HFIC. HFIC did not issue the Policy or any insurance policy to Plaintiff. *See* Janeiro Decl., ¶3. Sentinel alone issued the Policy, and only Sentinel could deny coverage. Therefore, the Complaint demonstrates no injury fairly traceable to HFIC's conduct, and the Complaint should be dismissed in its entirety as to HFIC under Rule 12(b)(1).

### C.    There Is No Personal Jurisdiction Over HFIC

The Court should also dismiss the claims against HFIC because it lacks personal jurisdiction over it.

<u>First</u>, HFIC is not subject to general personal jurisdiction in California. A corporation is subject to general personal jurisdiction where its "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). The "paradigm" fora for general jurisdiction is a corporation's place of incorporation and principal place of business. *See Daimler*, 571 U.S. at 137.

1

2   HFIC is a Connecticut corporation with its principal place of business in Connecticut.

3   Janeiro Decl. ¶ 2. The Complaint makes no allegations to the contrary. Founder merely alleges

4   HFIC does business in California and maintains offices in California. *See* FAC ¶¶ 4, 7. But

5   those allegations are insufficient to render Founder "at home" in California. The U.S. Supreme

6   Court and lower courts have repeatedly concluded that, even where a company has significant

7   contacts with a state, it is not at home there and cannot be sued for all purposes. *See, e.g.,*

8   *Daimler*, 571 U.S. at 136-37; *Bristol-Myers Squib Co. v. Superior Court of Cal.*, 137 S. Ct. 1773,

9   1780-81 (2017); *Corcoran v. CVS Health Corp.*, 169 F.Supp.3d 970, 980-81 (N.D. Cal. 2016);

10  *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014); *Cahen v. Toyota Motor Corp.*,

11  147 F. Supp. 3d 955, 964-65 (N.D. Cal. 2015).

12  To establish general jurisdiction, Founder would be required to demonstrate this is an

13  "exceptional case" warranting the exercise of personal jurisdiction over HFIC elsewhere. *See*

14  *Daimler*, 571 U.S. at 139 n.19. Plaintiff must demonstrate HFIC's general business contacts

15  with the forum are sufficiently continuous and systematic as to "approximate physical presence"

16  in the forum state. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir.

17  2004). The inquiry "calls for an appraisal of a corporation's activities in their entirety; [a]

18  corporation that operates in many places can scarcely be deemed at home in all of them." *BNSF*

19  *Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017). The kind of "exceptional case" the Supreme

20  Court has held up as an exemplar of when a corporation's contacts are sufficiently continuous

21  and systematic to render it "at home" in the forum was where "war had forced the defendant

22  corporation's owner to temporarily relocate the enterprise from the Philippines to [the forum]."

23  *BNSF Ry. Co.*, 137 S. Ct. at 1558.

24  Plaintiff's allegations as to HFIC – that it does business, maintains offices, and sells

25  insurance policies in California – are insufficient to meet that standard. HFIC "can scarcely be

26  deemed at home" in California simply because it does business here. *BNSF Ry. Co.*, 137 S. Ct.

27  at 1559.

28

Second, HFIC is also not subject to specific personal jurisdiction in California based on the claims advanced in this action.  For "a state court to exercise specific jurisdiction, 'the suit' must 'aris[e] out of or relat[e] to the defendant's contacts with the forum.'"  *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017) (quoting *Daimler AG*, 571 U.S. at 127) (emphasis omitted).  "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State."  *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014).  "[T]he relationship [between the suit-related conduct and the forum] must arise out of contacts that the 'defendant *[it]self*' creates with the forum State."  *Id.* at 284 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)) (emphasis in original).  "[T]he plaintiff cannot be the only link between the defendant and the forum."  *Id.* at 285.

The Ninth Circuit has adopted a three-prong test for specific jurisdiction that requires the plaintiff to show:  (1) the non-resident defendant purposefully directed its activities at the forum's residents or purposefully availed itself of the privilege of conducting business in the forum thereby invoking the benefits and protections of its laws; (2) plaintiff's claim arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable, that is, it must comport with fair play and substantial justice.  *See Schwarzenegger*, 374 F.3d at 802 (internal citation omitted).  "The plaintiff bears the burden of satisfying the first two prongs of the test."  *Id.*

Here, Plaintiff has not alleged that it had any contractual dealings or other contracts with HFIC giving rise to its claims, much less contacts occurring in California.  The Policy, by contrast, shows the Plaintiff had a contractual relationship with only one entity:  Sentinel.  Plaintiff's claims arise from the fact that Sentinel issued the Policy and the Policy makes clear that the only duties of coverage belong to Sentinel.  *See Picot v. Weston*, 780 F.3d 1206 (9th Cir. 2015) (finding that even a "contract alone does not automatically establish minimum contacts in the plaintiff's home forum….  Rather, there must be 'actions by a defendant *himself* that create a "substantial connection" with the forum State.'") (internal citations omitted and emphasis in original).

Simply put, the FAC does not show that HFIC has any connection to this dispute.

Accordingly, the claims against HFIC must be dismissed with prejudice under Rule 12(b)(2).

**D.** **The Absence of a Contract Between HFIC And Plaintiff Is Fatal To The Claims Against HFIC**

Even if Founder could demonstrate it had standing or that the Court can exercise personal jurisdiction over HFIC here, the claims against HFIC fail for an additional reason. Founder cannot state a claim against HFIC because it has no relationship with HFIC, and there are no allegations of actions HFIC took that harmed Founder.

**1.** **Plaintiff's First, Second, and Third Causes of Action Fail Against HFIC Because HFIC Has No Contractual Relationship to Plaintiff**

The first, second, and third causes of action are all premised on the contractual relationship at issue – the Policy Sentinel issued to Founder.

HFIC cannot be held liable for breaching a contract to which it is not a party. California courts routinely refuse to impose liability on non-parties to an insurance contract for alleged breaches of the contract and other policy-based claims. *See Wright v. Allstate Ins. Co. of Cal.*, No. 15-CV-01020-SI, 2015 WL 1548949, at *2 (N.D. Cal. Apr. 7, 2015) ("Based on the face of the insurance policy at issue, it is clear that Allstate of California was not a party to the contract. The Court therefore finds that defendant was not a consenting party to the insurance contract and cannot be held liable for breach of contract and breach of implied covenant of good faith and fair dealing under the general rule."); *Carolina Cas. Ins. Co. v. Lanahan & Reilley, LLP*, No. C 10-04108, 2011 WL 3741004, at *3 (N.D. Cal. Aug. 25, 2011) ("Under California law, it is well settled that a non-party or non-signatory to a contract cannot be held liable for a breach of that agreement."); *Monaco v. Liberty Life Assur. Co.*, No. C06-07021 MJJ, 2007 WL 420139, at *4 (N.D. Cal. Feb. 6, 2007) ("Here, in applying the general rule, the Complaint reveals that Liberty Mutual is not liable for breach of contract because it is not a party to the insurance contract…. Additionally, when a plaintiff seeks damages for commission of a tort that flows from an alleged breach of contract, the defendant does not have a duty to the plaintiff unless the defendant was a party to the contract.); *Salido v. Allstate Ins. Co.*, No. C 98-04616 CRB, 1999 WL 977944, at *1-

2 (N.D. Cal. Oct. 21, 1999) (finding that "the policy unambiguously provide[d] that Allstate Indemnity—rather than Allstate Insurance—insured plaintiff's vehicle," and thus it was undisputed that Allstate Insurance was not a party to the insurance contract at issue there and could not be liable for bad faith breach of the policy or conspiracy to breach the contract in bad faith); *see also United Computer Sys, Inc. v. AT&T Corp.*, 298 F.3d 756, 761-762 (9th Cir. 2002) ("Under California law, 'only a signatory to a contract may be liable for any breach.'") (quoting *Clemens v. Am. Warranty Corp.*, 193 Cal. App. 3d 444, 452 (Cal. Ct. App. 1987); *Minn. Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977 (9th Cir. 1999) ("Under California law, an insurance agent cannot be held liable for breach of contract or breach of the implied covenant of good faith and fair dealing because he is not a party to the insurance contract.") (emphasis added and internal citation omitted).

Plaintiff appears to have conflated HFIC and "The Hartford" because they both contain the word "Hartford." What the Complaint is conspicuously missing, however, is any allegation that "Hartford" or "The Hartford" is the same entity as HFIC, as opposed to simply being a trade name. Plaintiff must state a claim against an actual legal entity which is a party to the contract. Here, that is Sentinel and Sentinel alone.

Courts routinely dismiss claims against HFIC and similarly situated Hartford entities where, as here, the entity has no contractual relationship to the insured. *See e.g.*, *LV Diagnostics, LLC v. Hartford Fin. Servs. Grp., Inc*., No. 2:17-CV-1371 JCM (PAL), 2018 WL 651327, at *2 (D. Nev. Jan. 31, 2018) ("Further, as defendant is not plaintiff's insurer and is not in privity with plaintiff, dismissal of plaintiff's claims against defendant is appropriate."); *Chaichian v. Hartford Fin. Servs. Grp., Inc.*, No. 1:16-CV-01026, 2016 WL 4480038, at *2 (W.D. Ark. Aug. 3, 2016), report and recommendation adopted, No. 16-CV-1026, 2016 WL 4467910 (W.D. Ark. Aug. 23, 2016) ("Upon review of the contract in this matter, Plaintiff has not demonstrated a contractual relationship exists between her and Defendants Hartford Financial Services Group, Inc …. Without a contractual relationship, Plaintiff cannot demonstrate she is entitled to breach of contract damages or bad faith damages."); *NBL Flooring, Inc. v. Trumbull Ins. Co.*, No. CIV.A. 10-4398, 2014 WL 317880, at *3 (E.D. Pa. Jan. 28, 2014) (dismissing claims against Hartford

Financial where relevant policies were issued by subsidiary Trumbull Insurance Company); *see also Engel v. Hartford Ins. Co. of the Midwest*, No. 2:11-CV-01103-RCJ-PAL, 2012 WL 275200, at *2 (D. Nev. Jan. 31, 2012) (Hartford Financial's alleged status as parent company of insurer not sufficient basis to state a claim against it); *Winkler v. Hartford Fin. Servs. Grp.*, No. 2:10-cv-02222-RLH-LRL, 2011 WL 1705559, at *2 (D. Nev. May 3, 2011) (dismissing claims against Hartford Financial because it was not the insurer).

### 2. Plaintiff's Fourth and Seventh Causes of Action Fail Against HFIC

The same is true with respect to the declaratory judgment and injunctive relief Plaintiff seeks under its fourth and seventh causes of action, respectively. *See* FAC ¶¶ 53-54, 72-75. HFIC is not a party to the Policy, and has no obligations under it. There is, therefore, nothing "to declare" or to enjoin, and Plaintiff lacks statutory standing to seek such relief. *See Lloyd v. Sjoblom*, No. C-14-0234 JSC, 2014 WL 1573061, at *2 (N.D. Cal. Apr. 17, 2014) ("Section 1060 confers standing on '[a]ny person interested under a written instrument … or under a contract' to bring an action for declaratory relief 'in cases of actual controversy relating to the legal rights and duties of the respective parties.'") (quoting Cal. Civ. Proc. Code § 1060); *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 975 (N.D. Cal. 2010) ("[T]he Court notes that declaratory and injunctive relief are not causes of action; rather, they are remedies."). Because Plaintiff has failed to state a claim against HFIC for breach of contract, it cannot assert freestanding declaratory judgment and injunctive relief claims against HFIC.

### 3. Plaintiff's Sixth Cause of Action (UCL) Fails Against HFIC.

Plaintiff's sixth cause of action, under California's Unfair Competition Law ("UCL"), B&PC § 17200 *et seq.*, likewise fails because it targets the exact same conduct as Plaintiff's contract-based claims, and discloses no facts to support liability against HFIC. Namely, Plaintiff's UCL claim rests on allegations of "unlawful, unfair and fraudulent" business practices by "Defendants," arising out of the Policy. FAC. ¶¶ 61-71. However, HFIC is not a party to the Policy, and, therefore, did not have any executory obligations under the contract. Plaintiff thus fails to identify any unlawful, fraudulent, or unfair conduct by *HFIC. See Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (Cal. App. 2007) (Because the "unlawful"

HARTFORD FIRE INSURANCE COMPANY'S MOTION TO DISMISS

prong of the UCL borrows violations of other laws, "a violation of another law is a predicate for stating a cause of action under the UCL's unlawful prong."); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (holding that the heightened pleading standard applies to claims of fraudulent conduct under the UCL).

Plaintiff further cannot establish a UCL claim because the UCL does not permit a claim for damages, only restitution and injunctive relief. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 & 1152, (Cal. 2003) (recovery under UCL is limited to injunctive relief and restitution, not non-restitutionary disgorgement of profits in an individual action). A plaintiff may only recover money that belonged to it, and which the defendant obtained by means of unfair competition. *Id.* at 1144; *see also Sybersounds Records, Inc. v. UAV Corp.*, 517 F.3d 1137, (9th Cir. 2008) (affirming the dismissal of plaintiff's UCL claim, based in part on contracts and misrepresentations to which plaintiff was not a party, for failure to plead a UCL claim against corporation defendants, and noting that allowing plaintiff to bring suit "to essentially vindicate the rights of the copyright holders and the Customers [who are not all parties to the lawsuit] would pose significant problems in administering the equitable remedy provided under the UCL").

Here, Sentinel was the insurer. Plaintiff has not alleged that it made any payment specifically to HFIC. HFIC therefore has nothing to "restore," and cannot be enjoined to grant coverage it does not owe.

### 4.    Plaintiff's Fifth Cause of Action Fails Against HFIC

Plaintiff's claim for unjust enrichment—that "Defendants" were unjustly enriched by receiving premiums in exchange for coverage under Policy provisions that were purportedly "illegal, unfair, or deceptive" (FAC ¶¶ 56-59)—cannot stand as to HFIC because, as established above, Plaintiff has not alleged that HFIC was a party to the Policy, or otherwise committed any wrong against Plaintiff. Moreover, the FAC does not allege that Founder paid any money to HFIC. *See Peterson v. Cellco Partnership*, 164 Cal. App. 4th 1583, 1593 (2008) (Under California law, "[t]he elements of an unjust enrichment claim are the receipt of a benefit and

[the] unjust retention of the benefit at the expense of another.")  Thus, HFIC has not been "enriched."

## V.    **CONCLUSION**

For all of the foregoing reasons and others appearing on the record, the Complaint should be dismissed in its entirety as to HFIC.

Dated:  July 27, 2020                    Respectfully submitted by,


                                        /s/ Anthony J. Anscombe
                                        Anthony J. Anscombe

                                        **STEPTOE & JOHNSON LLP**

                                        Anthony Anscombe, State Bar No. 135883
                                        aanscombe@steptoe.com
                                        1 Market Street
                                        Steuart Tower, Suite 1800
                                        San Francisco, CA 94015
                                        Tel: (415)-365 6700

                                        Sarah D. Gordon (*pro hac vice forthcoming*)
                                        sgordon@steptoe.com
                                        1330 Connecticut Ave NW
                                        Washington, DC 20036
                                        Telephone:    (202) 429-8005
                                        Facsimile:    (202) 429-3902


                                        Melanie A. Ayerh, State Bar No. 303211
                                        mayerh@steptoe.com
                                        633 West Fifth Street, Suite 1900
                                        Los Angeles, CA 90071-3033
                                        Telephone: (213) 439-9432
                                        Facsimile: (213) 439-9599


                                        *Hartford Fire Insurance Company and*
                                        *Sentinel Insurance Company, Limited*