UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOUNDER INSTITUTE INCORPORATED,<br><br>           Plaintiff,<br><br>    v.<br><br>HARTFORD FIRE INSURANCE COMPANY, et al.,<br><br>           Defendants. | Case No. 20-cv-04466-VC<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 25, 26 |

      Sentinel's motion to dismiss for failure to state a claim is granted. Assuming—for argument's sake only—that the claim for loss of business income due to the shelter-in-place orders would otherwise be covered by Founder's insurance policy, the claim clearly falls within the virus exclusion for the reasons explained by Judge Corley in *Franklin EWC, Inc. v. Hartford Financial Services Group, Inc.*, 2020 WL 5642483, at *1-2 (N.D. Cal. Sept. 22, 2020). *See also Wilson v. Hartford Casualty Co.*, 2020 WL 5820800, at *7 (E.D. Pa. Sept. 30, 2020); *Diesel Barbershop, LLC v. State Farm Lloyds*, 2020 WL 4724305, at *6–7 (W.D. Tex. Aug. 13, 2020).

      Founder seeks to wriggle out of the exclusion by attaching a different label to its loss. Instead of characterizing it as a loss resulting from the risk of virus exposure at its building, Founder characterizes it as a loss resulting from respiratory droplets on surfaces at its building. Founder claims that "the droplets (not the virus itself) are the real focus of ordinances seeking to limit human to fomite to human transmission and should have been the real focus of damage or

loss investigation by Defendants." The virus exclusion, according to Founder, does not exclude losses related to saliva or respiratory droplets. But even assuming the validity of this contorted characterization of the purpose behind the shelter-in-place orders, Founder has merely come up with a different way of describing the same thing: the ordinances sought to prevent COVID-19 from spreading, and thus the loss claimed by Founder was "caused directly or indirectly by . . . the . . . presence, growth, proliferation, spread or any activity of . . . virus." Founder cites a recent ruling denying a motion to dismiss based on the same virus exclusion in *Urogynecology Specialist of Florida LLC v. Sentinel Insurance Company*, but the district court in that case did not cite anything—from the complaint or elsewhere—that would support a conclusion that a business shutdown due to a pandemic falls outside the scope of the virus exclusion. 2020 WL 5939172, at *4 (M.D. Fla. Sept. 24, 2020).

Because all Founder's claims against Sentinel depend on the existence of coverage, they are all dismissed. Although it seems unlikely that Founder will ever be able to state a claim (indeed, its theory of coverage appears frivolous), its request for leave to amend is granted in an abundance of caution.[1]

HFIC's motion to dismiss for lack of standing is granted. It's clear from the allegations in the complaint and the judicially noticeable materials that HFIC is not a party to the contract and has no obligations under the contract. *See Franklin EWC, Inc.*, 2020 WL 5642483, at *4-5; *see also Easter v. American Western Financial*, 381 F.3d 948, 961 (9th Cir. 2004); *Shin v. Esurance Insurance Co.*, 2009 WL 688586, at *4-5 (W.D. Wash. Mar. 13, 2009); *Vogel v. Travelers Casualty Insurance Co. of America*, 2017 WL 5642302, at *3-4 (C.D. Cal. May 18, 2017). As

---

[1] Founder also claims civil authority coverage, but for the various reasons described by Judge Corley in *Franklin EWC, Inc.*, this too fails. 2020 WL 5642483, at *2-3.

discussed more fully at the hearing, it's not clear why courts dismiss contract-based claims against defendants that are not parties to the contract under Rule 12(b)(1) instead of Rule 12(b)(6). Courts are generally supposed to conduct the standing inquiry based on the assumption that the plaintiff will prevail on the merits, and thus when there is substantial overlap between the standing inquiry and the merits inquiry, courts should generally proceed to the merits. *See, e.g.*, *In re Facebook, Inc., Consumer Privacy User Profile Litigation*, 402 F. Supp. 3d 767, 788 (N.D. Cal. 2019). Thus, perhaps there is an argument that Founder has standing to sue HFIC even though as a factual matter HFIC is not a party to the contract, meaning that the claim should be dismissed on the merits. But it does not matter in this case, because if Founder adequately alleged standing, the Court would dismiss the claims against HFIC under Rule 12(b)(6) for the same reason—that it's not a party to the contract and has no obligation under the contract.[2] Nonetheless, for purposes of this case, and since HFIC has moved to dismiss for lack of standing in the first instance, the Court will follow the approach typically taken by courts towards defendants not party to contracts and dismiss for lack of standing. Dismissal is without leave to amend as to HFIC.

Any amended complaint must be filed within 14 days of this ruling. A response (or responses) are due 14 days after the amended complaint is filed.

**IT IS SO ORDERED.**

Dated: October 22, 2020

_____
VINCE CHHABRIA
United States District Judge

---

[2] And in any event, as already discussed, the virus exclusion would clearly apply.