# EXHIBIT 2

```
k5e2SocH
```

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   SOCIAL LIFE MAGAZINE, INC.,

 4                 Plaintiff,              New York, N.Y.

 5            v.                           20 Civ. 3311(VEC)

 6   SENTINEL INSURANCE COMPANY
     LIMITED,
 7
                   Defendant.
 8
     ------------------------------x       Teleconference
 9                                         Order to Show Cause

10
                                           May 14, 2020
11                                         10:00 a.m.

12   Before:

13                  HON. VALERIE E. CAPRONI,

14                                         District Judge

15

16
                              APPEARANCES
17

18   GABRIEL J. FISCHBARG
          Attorney for Plaintiff
19

20   STEPTOE & JOHNSON, LLP
          Attorneys for Defendant
21   BY:  CHARLES A. MICHAEL
          SARAH D. GORDON
22

23

24

25
                     SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

k5e2SocH

1  your property.
2          MR. FISCHBARG:  Well, the virus exists everywhere.
3          THE COURT:  It damages lungs.  It doesn't damage
4  printing presses.
5          MR. FISCHBARG:  Right.  Well, that's a different
6  issue, whether or not -- that's a different issue than the
7  *Roundabout* case that had to do with accessibility.  Now we are
8  jumping to the topic of whether a virus can cause physical
9  damage to a printing press, as your Honor mentioned.  So that's
10  a separate issue, and there are a lot of cases that we have
11  cited where this type of material, a virus, does cause physical
12  damage.
13          THE COURT:  What's your best case?  What do you think
14  is your best case under New York law?
15          MR. FISCHBARG:  Well, the problem is, under New York
16  law, there isn't much law.  The New Jersey federal court, in
17  *TRAVCO*, citing other cases, including from other circuits,
18  where physical damage had a broader interpretation that
19  includes loss of use and not just, you know, something where
20  you take a hammer and break an item.
21          THE COURT:  With loss of use, I mean, loss of use from
22  things like mold is different from you not being able to,
23  quote, use your premises because there is a virus that is
24  running amuck in the community.
25          MR. FISCHBARG:  Okay.  I would disagree with that.  I