# EXHIBIT 4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEALTHNOW MEDICAL CENTER, INC, <br> Plaintiff, <br> v. <br> STATE FARM GENERAL INSURANCE CO., <br> Defendant. | Case No. 20-cv-04340-HSG <br><br> **ORDER GRANTING MOTION TO DISMISS** <br><br> Re: Dkt. No. 28 |

Pending before the Court is Defendant State Farm General Insurance Co.'s motion to dismiss. Dkt. No. 28. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion to dismiss.

**I.  BACKGROUND**

Plaintiff HealthNOW Medical Center, Inc. brings this insurance action against Defendant based on the denial of Plaintiff's claim for business income loss coverage under the State Farm business insurance policy (the "Policy"). *See* Dkt. No. 25 ("SAC") at ¶¶ 2, 12–20. Plaintiff alleges that its medical clinic was "shutdown or severely reduced in operations" due to stay-at-home ordinances instituted in Santa Clara County during and as a result of the COVID-19 pandemic. *See id.* at ¶¶ 2, 21–33. Plaintiff further alleges that Defendant failed to conduct "[a] fair evaluation" and investigation before denying Plaintiff's claim. *See id.* at ¶¶ 43–45, 47–48. Plaintiff acknowledges that the Policy contains a "virus exclusion," *see id.* at ¶¶ 19, 88, but urges that the stay-at-home orders were promulgated because of the risk posed by "droplets" from people coughing, sneezing, or talking, and not because of the virus itself, *id.* at ¶¶ 34–46. On the basis of these facts, Plaintiff asserts causes of action for breach of contract, breach of the implied

1  covenant of good faith and fair dealing, bad faith denial, declaratory relief, unjust enrichment, and

2  a violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200

3  *et seq. See id.* at ¶¶ 49–98.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

## III. DISCUSSION

It is undisputed that the Policy precludes coverage for "any loss caused by . . . [v]irus, bacteria or other microorganism that induces or is capable of inducing physical distress, illness, or disease . . . ." *See* Dkt. No. 25-1, Ex. A at A-16–A-17 (the "Virus Exclusion"). The key dispute in this action is the meaning of this provision as it applies to the COVID-19 pandemic and the local stay-at-home orders. Plaintiff contends that its claim for coverage is premised on "the role of human droplets as distinct and separate from virus particles." *See* Dkt. No. 29 at 1, 3–4, 7, 12–17. Plaintiff notes that human droplets are larger in size that a virus particle, and suggests that they

"thus have their own physical presence, and they alter and damage surfaces where they are present." *Id.* at 3; *see also id.* at 12–17. Plaintiff further suggests that the local ordinances "target[] the physical presence of human droplets, not just the virus itself." *Id.* at 4. Plaintiff thus urges that the Virus Exclusion does not apply. In so doing, Plaintiff urges the Court to reject the analysis adopted by courts throughout the Ninth Circuit, and indeed across the country. *See, e.g.*, *Founder Inst. Inc. v. Hartford Fire Ins. Co.*, No. 20-CV-04466-VC, 2020 WL 6268539, at *1 (N.D. Cal. Oct. 22, 2020) (collecting cases); *see also Boxed Foods Co., LLC v. California Capital Ins. Co.*, No. 20-CV-04571-CRB, 2020 WL 6271021, at *3–7 (N.D. Cal. Oct. 26, 2020), *as amended* (Oct. 27, 2020); *Franklin EWC, Inc. v. Hartford Financial Services Group, Inc.*, 2020 WL 5642483 (N.D. Cal. Sept. 22, 2020). The Court is not persuaded and adopts the reasoning detailed by the court in *Founder*, 2020 WL 6268539, at *1.

That Plaintiff characterizes the stay-at-home orders as related to respiratory droplets is simply inapposite, because the stay-at-home ordinances plainly sought to prevent COVID-19—a virus—from spreading. Respiratory droplets are simply one mechanism through which the virus can spread. *See* SAC at ¶ 36; *see also id.* at ¶ 24 (recognizing that "droplets are not viruses, but a virus or other pathogen can sometimes travel in said droplets"); *see also id.* at ¶ 25 ("When the pandemic hit, the human droplets became a focus of concern because they can possibly carry the virus."). The SAC recognizes that the ordinances were "aimed at eliminating the possible spread of *virus* through various transmission methods and community spread." *Id.* at ¶ 34 (emphasis added); *see also id.* at ¶ 29 (explaining that it "was well recognized" that the stay-at-home orders were issued "to reduce the person to person transmission of the virus and reduce the contamination of frequently contacted surfaces with the virus."). "By reducing the spread of the droplets in the environment, the goal [of the ordinances] is to reduce the transmission of the virus that may travel in some of the droplets dispersed by infected individuals as they talk, breath, sneeze, cough, etc." *Id.* at ¶ 24. Even Plaintiff's opposition notes that "[t]he droplets were targeted by the civil ordinances because governments believed that reducing exposure to the droplets would reduce the rate of *virus transmission* because some of the droplets, whether on surfaces or aerosolized, may contain *the virus*." Dkt. No. 29 at 2 (emphasis added). Plaintiff's suggestion that there is a

3

1  meaningful distinction under the ordinances, and thus under the Policy, between "droplets" that
2  may or may not contain the virus and the virus itself defies common sense and Plaintiff's own
3  allegations. Because all Plaintiff's claims against Defendant turn on the existence of coverage
4  under the Policy, they are all dismissed.

## IV.  CONCLUSION

Accordingly, the Court **GRANTS** the motion to dismiss. The Court is skeptical that, given the nature of the dispute and the Court's legal findings, it is possible for Plaintiff to amend the complaint to address these deficiencies. Nevertheless, in an abundance of caution, the Court will grant Plaintiff an opportunity to amend if it may do so consistent with its Rule 11 obligations. Any amended complaint must be filed within 21 days of this order.

**IT IS SO ORDERED.**

Dated: 12/10/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge

4