UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOUNDER INSTITUTE INCORPORATED,<br><br>        Plaintiff,<br><br>    v.<br><br>HARTFORD FIRE INSURANCE COMPANY, et al.,<br><br>        Defendants. | Case No. 20-cv-04466-VC<br><br>**CORRECTED ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 46 |

      Sentinel's motion to dismiss is granted. For the reasons explained in the Court's previous order (Docket No. 40), Founder's claim for loss of business income still clearly falls within the virus exclusion. Founder raises a few new arguments, but they are no stronger than the earlier ones. First, the virus exclusion is "conspicuous, plain and clear" and thus not unenforceable under *Hayes. Haynes v. Farmers Ins. Exch.*, 32 Cal. 4th 1198 (2004); *see also Wilson v. Hartford Casualty Co.*, 2020 WL 5820800, at *7 (E.D. Pa. Sept. 30, 2020); *Franklin EWC, Inc. v. Hartford Financial Services Group*, Inc., 2020 WL 5642483, at *2 (N.D. Cal. Sept. 22, 2020). Second, the virus exclusion is not illusory. *See Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.*, 78 Cal. App. 4th 874 (2000). As Sentinel describes in its briefs, the exclusion permits coverage in a variety circumstances—circumstances dissimilar to the one alleged here. Finally, the efficient proximate cause doctrine is of little use because the efficient proximate cause of Founder's loss is the virus (not human droplets), as explained in the previous order. *Julian v. Hartford Underwriter Ins. Co.*, 35 Cal 4th 747 (2005).

      The case is dismissed with prejudice because amendment would be futile. Judgment will

be entered in favor of the defendant, and the Clerk's Office is directed to close the case.

**IT IS SO ORDERED.**

Dated: March 15, 2021

_____
VINCE CHHABRIA
United States District Judge